BRADFORD v. GOLDSBOROUGH, BY NEXT FRIEND, &c.

1. The equitable right of the wife to a settlement of her undivided distributive share of the estate of her deceased father, in the hands of his executrix, is a consideration sufficiently valuable, to support a deed to her from her husband, relinquishing such distributive share for her sole and separate use.

2. Such a deed, although inoperative at law, will be enforced, in equity, against an execution creditor of the husband, who is seeking to condemn

the property, for the satisfaction of his debt, after it has come to the possession of the wife.

Error to the Chancery Court of Macon. Before the Hon. W. W. Mason.

THE defendant in error filed her bill in equity, by her next friend, alledging, that in 1844, she was married to Charles H. Goldsborough, her present husband. That at the time of the marriage, the complainant, as legatee under her father's will, and distributee of his estate, was entitled to a small amount of property, which had not come to her possession, but was in possession of her mother, the executrix of the will of her father; and it being in her possession, and a distribution being desired, her husband, at the request of her friends, on the first of January, 1845, before the estate was divided, and before her interest was ascertained, executed his certain instrument in writing, whereby he relinquished, and quit claimed all right, title, and interest, to all the property to which oratrix might be entitled from her father's estate, and by said instrument her portion was set apart, for the separate use of complainant, free from the debts, contracts, and control of her husband—the instrument being as follows:

" This indenture, made this the first of January, 1845, witnesseth: That whereas a marriage was heretofore had, and solemnized, between Charles H. Goldsborough, and Emily H. Cater; and whereas, it is desired by the parties, that the portion of property to which she may be entitled, and brought into the marriage, may be secured to her, and said property being this day about to [be ascertained, and set apart to the said Emily out of her father's estate: Now, this indenture witnesseth, that to effectuate the objects aforesaid, I, the said Charles H. Goldsborough, have relinquished, and quit claim, and do by these presents, forever release, relinquish, and quit claim, all right, title, claim, and interest whatsoever, to all such property, of every sort, and species, as may fall to the lot of my said wife Emily, upon the division of her father's estate, now about to take place, and as shall constitute her portion, and to which she may be entitled: and I hereby declare, the true intent, and meaning of this indenture to be,

Bradford v. Goldsborough.

that all marital rights to which I should be entitled, by virtue of said marriage, to the said Emily's portion of said estate, shall be forever extinguished, and that her portion of said estate, when ascertained, and allotted, and set apart for my said wife, shall be, and remain, for her sole, and separate use, free from my debts, liabilities, and contracts."

The bill alledges, that after the execution of this agreement, the division was had, and the small interest of complainant set apart for her; a portion of which, was a slave by the name of Dick. That she received possession of said slave, and held it until he was seized by attachment, and execution, at the suit of Joseph H. Bradford and others, against Charles H. Goldsborough, and that the sheriff had divested her possession, and had the possession of said slave under such process.

The bill prays an injunction, restraining all parties from selling said slave in satisfaction of said demands, and also any other portion of her property, received from her father's estate, and for general relief.

The answer of Bradford admits the levy of the process on the slave as the property of Charles H. Goldsborough, and insists it was correctly done, for that he was in possession of said slave, and credit was given him on the faith thereof, and that neither he, nor those who gave the credit, had any notice of the separate estate the complainant had in the property.

The answer also insists, that many of the items of which the debt is composed, consisted of necessaries furnished the family, and concludes with a demurrer.

The testimony shows, that the instrument was executed, and delivered, before the division of the estate of complainant's father was had, and before her part was allotted to her. That Dick was allotted to her as a part of her share, or portion, which consisted of four slaves, and about $2,000.

The chancellor rendered a final decree in favor of complainant.

Cocke, for plaintiff in error.

1. The bill contains no equity.

Vol. 15—40

2. The instrument attempted to be set up is void at law; because—1. It is made by the husband during coverture, without the intervention of a trustee. Butler and wife v. The Mer. Ins. Co. Mobile, 8 Ala. 146. 2. There is no sufficient proof of its delivery. Elliott v. Elliott, 1 Dev. & Bat. Eq. 57; Gamble v. Gamble, adm'r, 11 Ala. 966. 3. There is no release named in it.

3. Being void at law, it cannot be set up against the creditors of the husband; because—1. It was not founded on valuable consideration. 4 Paige, 64. 2. The moment the slaves came into the husband's possession, the deed or release being void, his marital rights attached. 1 Bailey's Eq. 244. 3. If it be of any validity, it can be entitled to no higher consideration than if it were (and it must in fact be so considered) a deed of gift from husband to wife, without a change of the possession; and as such it should have been recorded. Cook v. Kennerly and Smith, 12 Ala. 42. 4. It was a latent equity, which a court of equity could not enforce in opposition to the fixed lien of a creditor. The creditor's is at least the better equity.

J. E. Belser and G. W. Gunn, contra.

1. To entitle the husband to the personal property of the wife, he must have reduced the same to possession during coverture in his own right, and not as trustee. Mayfield v. Clifton, 2 Stewart, 375; Hogan v. Bell, 4 Stew. & Por. 286; Dunn and wife v. Bank, 2 Ala. 152; Andrews et al. v. Jones, 10 Ala. 400; Terrell et al. v. Green, 11 Ala. 207.

2. Anterior to this, there is in the husband only an equity or right of action, which he may or may not assert, and which none but the husband can assert, and in opposition to which the wife has an unquestionable right to a settlement, to her sole and separate use. Like v. Beresford, 3 Vesey, jr. 512; Ellebank v. Marston, 5 Ib. 737; Butler et al. v. Bank, &c. 8 Ala. 153; Hoot et al. v. Sorrell et al. 11 Ib. 386; Beresford, ex parte, 1 Dess. 263; 2 Story's Eq. Jur. 630.

3. Upon the attempt of the husband thus to reduce the personalty of the wife into his possession, a court of equity will compel him to make a suitable settlement upon her.

Dunn nnd wife v. Bank, 2 Ala. 152; Bennett v. Dillingham, 2 Dana, 437.

4. If the foregoing propositions be true, it is clear that the husband might do, without the order of a court of equity, what that court would order to be done. As such, the conveyance or release of the husband is precisely what he would have been required to do, and is therefore not voluntary: especially is this true as to subsequent liabilities of the husband. Conn v. Kavanaugh, 11 Ala. 169; Dunn, &c. v. Bank, 2 Ib. 152; Jones v. Usmer, 1 Sim. & Stu. 315; 1 Story's Eq. Jur. 365.

5. Nor is the conveyance void because made directly to the wife, without the intervention of a trustee. It is the peculiar province of equity, to give effect to such instruments. Gamble v. Gamble, adm'r, 11 Ala. 972; Hoot v. Sorrell, Ib. 386; Trusly v. McCarty, 1 Stew. & Por. 56; Harkins v. Coulter et al. 2 Porter, 463; Sevier v. Stone, 3 Ala. 485.

6. Such conveyances are not within the letter or spirit of the terms of the registration act. It is neither a deed of trust, mortgage, or other legal incumbrance, and is not required to be recorded. Swift v. Fitzhugh, 9 Porter, 40; Smoot v. Fitzhugh, Ib. 72; Laz. v. Lewis, 5 Ala. 459; Thomas et al. v. Davis, 6 Ib. 113; Cutt v. Hardy, 10 Ib. 514; Lee v. Mathews, Ib. 681.

DARGAN, J.—The property upon which the deed was intended by the parties to operate, was the undivided interest of the wife, in the estate of her father, the legal title to which was vested in the mother, as executrix. That the wife was in equity, before her interest was reduced to possession, entitled to a settlement out of this property, as against the claims of her husband, his creditors or assignees, is too clear to require argument or authority. This right then of the wife, to have a settlement decreed her in opposition to the right of the husband, and to all who may claim through him, is the consideration upon which the deed of the first of January, 1845, executed by the husband in favor of the wife, is founded; and that such a consideration is sufficient to support the deed in equity, must be manifest from the reflection, that had the wife filed the bill against the husband,

previous to the division of her father's estate, equity would have decreed the husband to make a suitable settlement upon her. If, at the time the deed was executed, the wife could have filed her bill against her husband to have a suitable provision settled upon her, and the husband did by deed, what equity would have decreed him to do, of course the court must uphold the deed. But it is contended that the deed is void at law, and being void at law, as soon as the division of the property was made, the marital rights of the husband attached, and the claim of his creditors must therefore prevail.

It is certainly true, that the deed must be considered as a nullity in a court of law, for at law, the individual existence of the wife is merged in that of her husband. They are considered as one, and cannot contract with each other. But the rule is widely different in a court of equity, and husband and wife may for good reason, and on valuable consideration, contract with each other, and equity will uphold and sustain the contract. 2 Sto. Eq. 601, § 1372. In the case of Gallego v. Gallego's ex'r, 2 Brock. 285, the plaintiff was entitled to a legacy under the will of her father, and her husband executed an instrument under seal, relinquishing his right to the legacy to the wife. The wife sued the executor of the will, by her next friend, and the executor insisted, that she being a *feme covert*, could not demand the legacy; and further, that her husband was indebted to the testator, and insisted on the right to retain the amount of this debt; also, that another creditor of the husband had attached the legacy in his hands.

Ch. J. Marshall held the relinquishment made of the legacy by the husband, in favor of the wife, to be valid against his creditors; and decreed the payment of the legacy to her, in accordance with the terms of the instrument. Indeed, it must necessarily result from the fact, that a married woman can hold, and enjoy separate property, and that she is entitled against her husband to have a settlement made upon her out of her *choses in action* not reduced to possession, that the husband and wife may contract in reference to those subjects; and if their contracts are reasonable, a court of eqnity must sustain them. It is not contended, that there is any circum-

stance connected with this contract, within itself, that would induce a court of equity to condemn it, or to refuse to sustain it; except that it is void at law, and being void at law, the possession of the slave by the wife, was the possession of the husband, and thus the marital right was perfected, and his title at law absolute. In a court of law, this would certainly be the condition of the property; but in equity, we see, that the slave did not come to the possession of the husband before he entered into the contract, which the complainant seeks to enforce; and that by the terms of this contract, the husband agreed with the wife, on a valuable consideration, to wit, her equitable right to a settlement, that she should hold this slave for her own separate use. This contract equity will enforce, hence the possession of the husband, even if it can be considered as his possession, would be that of a trustee for his wife; and if the legal title vested at law in him, in equity he must be considered a trustee, and the equitable title of the wife must prevail over the husband and his creditors.

The decree of the chancellor must be affirmed.

CHILTON, J., not sitting.