CALDWELL, Respondent, *vs.* BOWER & JOHNSTON, Appellants.

1. The relinquishment by a married woman of her dower in real estate sold by her husband, is a good consideration for the notes given for the purchase money and made payable to her, as against her husband's administrator. In a suit by her upon the notes, the administrator cannot interplead to claim them as belonging to her husband's estate.
2. A grantee has no recourse against his grantor upon his covenant of warranty, for money paid to purchase in an adverse title without contestation.

*Appeal from Hannibal Court of Common Pleas.*

*Richmond* and *Lakenan* for appellants.

*A. H. Buckner,* for respondent. 1. The interplea of Kunkle was properly stricken out. He had no right to intrude himself into this litigation. If he claimed the debt sued for, his remedy was to have instituted his suit with proper parties, in the nature of an injunction, and thus made a direct issue with the plaintiff. Third parties are allowed to interplead only in attachment suits. 2. The answer was properly stricken out. There is no allegation that the notes were executed in favor of the plaintiff with any fraudulent design towards her husband's

Caldwell *v.* Bower.

creditors. The presumption is, that they were so made in good faith, and in consideration of her relinquishment of dower. She, therefore, was a stranger to any claim the defendants might have against her husband, arising out of the covenant of warranty. 3. But even if she was not a stranger to the covenant of warranty, the averments of the answer are insufficient to make out a legal defence. 4. The question as to the power of the administrator to avoid the acts of his intestate on the ground of fraud, does not arise in this cause. If it did, the law is against the administrator. *Henderson* v. *Henderson*, 13 Mo. Rep. 151. *McLaughlin* v. *McLaughlin*, 16 Mo.

RYLAND, Judge, delivered the opinion of the court.

The action of the court below, in striking out the interplea of Kunkle, and striking out the greater part of the defendant's answer, leaving nothing in said answer constituting a defence to the action of the plaintiff, are the main grounds relied on for the reversal of the judgment.

The action was brought on three several promissory notes, for five hundred dollars each. These notes were given to the plaintiff by the defendants, and were made payable to her. The defendants admit the execution of these notes, but they endeavor to avoid the payment by alleging, that they purchased a house and lot of James G. Caldwell, the husband of the plaintiff, for four thousand dollars ; took a deed with covenants of warranty of title ; that the plaintiff relinquished her dower to the premises sold ; that James G. Caldwell is now dead ; that the house and lot sold were situated in the town of Hannibal ; that the inhabitants of Hannibal, ascertaining that a Mrs. Vail had some interest in the tract of land on which Hannibal was laid off and situated, agreed to raise, by a tax authorized by legislative enactment, money to buy out the claim of Mrs. Vail, and thereby quiet their titles ; that they (defendants) paid sixty-one dollars for their share of this sum, and they ask a credit for that amount. They also set up,

that one Bates has a claim on the lot and house thereon, by way of mortgage, to secure the payment of a sum of money. The mortgage was made by the grantor of James G. Caldwell, before the sale to Caldwell of the house and lot; that Bates is now prosecuting a suit for the purpose of making the debt and subjecting the property to sale, and that he has obtained judgment of foreclosure and decree of sale for about five and a half feet front of said lot, taking part of the house; upon which judgment an appeal has been taken to the Supreme Court. The defendants allege, that if this judgment of Bates be not reversed, these defendants will be injured to a very large amount, some thousands of dollars. They also allege, that Nathaniel P. Kunkle, the administrator of the estate of said James G. Caldwell, claims the money due by the defendants on these notes; that the county court of said Marion county, by its order, has directed these defendants not to pay the money due on these notes, to the plaintiff, or any one else for her; that the estate of said Caldwell is wholly insolvent; that they are ready and willing to pay the debt due on these notes, after having ascertained to whom they should pay it, and having the credits for the Vail claim allowed, and a proper deduction for the amount of loss or damage, occasioned by Bates' claim, taking some five and a half feet off of the lot sold, including a part of the house.

Kunkle, the administrator of James G. Caldwell, filed his interplea, praying to be allowed to have and demand the debt due by these defendants, as assets belonging to the estate of said Caldwell. He alleges, that the house and lot, known as the city hotel property in Hannibal, was the property of James G. Caldwell; that it was sold by the sheriff of Marion county, under executions against said Caldwell, and that one Collins purchased it at sheriff's sale. He states, that Collins purchased it for the benefit of said Caldwell, and with the understanding that said Caldwell should have it back, upon paying to him what he gave for it; that the defendants, Bower & Johnston, afterwards bought the property of said Caldwell for

four thousand dollars, half of which was paid down in cash, and the other half was secured to be paid by four promissory notes of five hundred dollars each, one of which has been paid, and this suit is now brought for the purpose of enforcing the payment of the other three. These four notes were made payable to Mrs. Mary Ann Caldwell, the wife of said James G. Caldwell. Caldwell and wife made their deed to said Bower & Johnston for said property; so, also, did Collins. He alleges that Caldwell was largely indebted and wholly insolvent at his death; that this sale was made and these notes were given to Mary Ann Caldwell, to hinder, delay and defraud the creditors of said Caldwell; that he is a creditor, himself, of said estate.

Upon motion, this interplea of Kunkle was stricken out. Also, upon motion, that part of the answer in relation to the Vail claim, and the Bates' suit and claim, and the interplea of the administrator of the estate of James G. Caldwelll, was stricken out. Upon the trial, the parties waived a jury and submitted the facts to the court, who found the issue for the plaintiff and rendered judgment for the debt on the notes mentioned, together with interest and costs.

A motion for review was overruled and exceptions taken to the judgment of the court, in striking out the interplea of Kunkle, in striking out the defendants' answer, and in overruling the motion for a review, and the case is brought here by by appeal.

1. The court very properly struck out the interplea of Kunkle, the administrator. He showed no right to interfere in this proceeding. For aught this court can see, Mary Ann Caldwell might have been justly and meritoriously entitled to these notes. The contract between these defendants, Bower & Johnston, and Caldwell and wife, was consummated by Caldwell and wife conveying the house and lot in fee simple, with covenants to them, (Bower & Johnston,) the wife relinquishing her dower therein. This act of the wife is a good consideration, as against the administrator of her husband's estate. He cannot be permitted to say that relinquishing her dower

affords no consideration for these notes; it is good against him as administrator. This court cannot see how the administrator of the husband can come in to claim, as assets, a debt due to the wife, evidenced by a note or bond, payable to her, and for which she sues after the death of her husband. What right has he, as administrator, to interpose between these debtors and their creditor on these bonds? Can he be allowed to do so simply by saying that the plaintiff is the widow of a decedent, upon whose estate he has administered; that the decedent was insolvent, and, therefore, a debt due to the wife, which was evidenced by a note or bond, payable to her, bearing date in her husband's life time, cannot belong to the wife, but must be assets of the estate of the husband? In the opinion of this court, Kunkle was properly not permitted to interpose between this plaintiff and her debtors in this action. There is no necessity to notice the point as to the authority or power of the administrator to allege the fraud of his intestate, in order to benefit his estate.

2. The court below, also, properly struck out the answer of the defendants in regard to the compromise of the Vail claim. Mrs. Caldwell is not to be affected by that act of the corporate authorities of Hannibal. If these defendants thought it most prudent to buy the adverse claim, by paying for it a small tax, agreed upon a compromise with the claimant and the corporation of Hannibal, by which the title of the adverse claimant became extinct, rather than contest the claim and rely upon the covenants in their deed, be it so; it is for their own consideration what course is best, under such circumstances; but they cannot claim to be reimbursed this amount so paid, from their grantors.

From the exhibits produced with the answer, as a part of it, in relation to the claim of Bates to a portion of the lot and house mentioned in the deed, it was also properly stricken out. This was set up by the defendants as amounting to a partial failure of the consideration on which the notes were executed to the plaintiff. From what appears, the matter is the same

as the matter in dispute in the case of *Bates* v. *Bower et al.*, now before this court, and in which this court has reversed the judgment of the court below. This point, then, depending upon the claim of Bates, which has passed under the consideration of this court, in the case mentioned above, must likewise be determined against the defendants.

Upon the whole, then, as the case appears upon the record below, there is no error. The judgment is affirmed, the other judges concurring.