MADIGAN and another vs. WALSH.

DOWER: *Husband's oral agreement of sale of lands, before the marriage.*

22  501
82  190
22  501
93  591

1. An inchoate right of dower is such an interest in land as will enable the wife to maintain an action to establish such contingent right, and remove a cloud fraudulently attempted to be created upon it.

2. An oral agreement for the sale of lands being, under the statutes of this state, not merely voidable but *void*, a wife acquires on the marriage an inchoate right of dower in lands of her husband, notwithstanding such

an agreement previously entered into, where there is no part perform-
ance *before the marriage* taking the case out of the statute.

APPEAL from the Circuit Court for *Ozaukee* County.

Action by *Mary* and *Patrick Madigan* to have a deed of
forty acres of land in said county executed by them to
*Walsh,* adjudged fraudulent and void as against her.
Plaintiffs are husband and wife, and were such in December,
1857, at which time said *Patrick* was seized in fee of the
lands described in said deed; and the complaint alleges that
*Walsh, Patrick Madigan,* and others, at his request, with in-
tent to defraud said *Mary,* represented to her that the deed
(which *Patrick* had executed) was a promissory note, and
she, not being able to read writing, and relying upon such
false representation, affixed her signature to it by making
her mark. The answer, after a general denial, alleges that
in 1856, *Patrick Madigan* and *Walsh* resided in the state of
Rhode Island; that *Patrick* was the owner in fee of eighty
acres, including the forty in question; that he then offered
to grant one half of said eighty in fee to *Walsh,* if the latter
would come to this state with him and improve the land so to
be granted; that *Walsh* accepted the offer, came to Wiscon-
sin with said *Patrick,* worked upon the eighty acres with him,
took possession of the land in dispute, and "improved it
in common between times," until, in execution of their
agreement, said *Patrick* made the deed to him, said *Mary*
joining therein; that immediately after he took exclusive
possession of said forty, commenced to chop and clean
thereon, built a house on it, into which he moved in the
spring of 1858, and has continued to possess and improve
the same as his own ever since; and that plaintiffs have at
all times had knowledge thereof. A third defense was set
up on the ground that the cause of action had not accrued
within six years.

Madigan and another vs. Walsh.

The evidence tended to prove the facts specifically alleged in the complaint and answer. The court found, *inter alia,* "that said *Mary Madigan* is entitled to her right of dower in the premises described in the complaint, as the wife of *Patrick Madigan*;" and rendered judgment "that the signature of *Mary Madigan* to the deed was wrongfully and fraudulently obtained, and that said *Mary* have the relief demanded in the complaint, so far as her right of dower in the premises is affected thereby, and that the deed is fraudulent and void as to her, and her name thereon is cancelled," etc. The defendant appealed.

*Geo. W. Foster,* for appellant:

If one contracts to sell land, and afterwards marries, dower does not attach. 6 Kinne's Comp., 94; Connor and Lawson's R., 592. It makes no difference whether the contract be in writing or not. Story's Eq. Jur., 758, 759. The statute of frauds does not require that a contract should be *made* in writing, but only that it should be *evidenced* by writing. 4 Kent, Lecture 61. A man may lawfully fulfill a parol contract to convey land, and the grantee would have all the rights the grantor had when the contract was made, saving the rights of *bona fide* purchasers for a valuable consideration. The wife does not have dower as such a purchaser. It is a sort of inchoate gift until assignment. 13 Wis., 344 et seq.; 8 N. Y., 110. See also 1 Washb. R. P., 248. The inchoate right of dower cannot be superior to the right of the husband when it attached. It must therefore be subject to the same equities. In the case at bar the court would have compelled a specific performance. 1 Hilliard on Vendors, ch. 25, sec. 47; *France v. France,* 4 Halst. Ch., 650; 2 Story's Eq. Jur., 661 et seq.; 16 Wis., 142, 202; 18 id., 510; 2 Parsons on Con. (4th ed.), part 2, ch. 9. 2. The action, being brought by the husband and wife, is his action. 9 Paige, 255; Story's Eq. Pl., 61. Can he bring an action

for an alleged wrong which he has caused? ·2 Story's Eq. Jur., 694. Having an adverse interest, he should have been made defendant. Story's Eq. Pl., 61; 1 Tiff. & Sm. Pr., 86, 478–9. The action being that of the husband, the statute of limitations applied. 3. The judgment that *Mary Madigan* has a right of dower in the premises, is certainly erroneous.

*H. Cunning*, for respondent. [No brief on file.]

DIXON, C. J. I have had some difficulty in coming to a conclusion in this case, not however upon the question whether an inchoate right of dower is such an interest in the land as will enable a married woman to maintain an action like this, but upon the question whether *Mrs. Madigan* has a right of dower at all in the land described in the complaint. "Dower," says Chancellor KENT, "is a title inchoate, and not consummate until the death of the husband; but it is an interest which attaches on the land as soon as there is a concurrence of marriage and seizin." 4 Kent's Com., 50. It has been compared to a life estate vested in one person, to take effect only in case he survives another. The right to enjoy the estate is but a possibility. He may or he may not survive. If he do survive, the right becomes perfect. 4 New York R., 99. An inchoate right of dower is such a title as will authorize a purchaser who has contracted for a good and lawful title, to refuse to perform his contract. *Parks v. Brooks*, 16 Ala., 529; 17 id., 298; 23 id., 616. The relinquishment of such a right of dower is a good consideration for notes given for purchase money and payable to the married woman. *Caldwell v. Bower*, 17 Mo., 564. I think it clear, therefore, that the wife has an interest upon which an action may be maintained, where an attempt has been made to defeat her right by act of gross fraud, as was shown in this case; but I

have had some doubts as to whether *Mrs. Madigan* was entitled to dower under the circumstances disclosed by the evidence.

It appears that Mr. Madigan, before his marriage with the plaintiff, *Mrs. Madigan,* being sole owner of the land, entered into a verbal agreement with *Mr. Walsh,* by which he agreed to convey the land in question to *Walsh,* in case *Walsh* would come west with him and settle upon and help to clear and prepare the land for cultivation.   The parties resided at that time in Providence, in the state of Rhode Island.   *Walsh* assented to the agreement, and subsequently, but not until after the marriage, came west with Mr. Madigan, and has since fully performed the agreement on his part.   Mr. Madigan, always acknowledging the agreement as valid, has accepted the performance by *Walsh,* and carried the agreement into effect by executing and delivering to *Walsh* a deed of conveyance of the land. Under these circumstances, it has been a serious question in my mind, whether *Mrs. Madigan* was entitled to dower in the land so sold and conveyed; and, but for the difference between our statute of frauds and the English statute, and the statutes of many of the states, as shown in *Brandeis v. Neustadtl,* 13 Wis., 142, it seems to me that she would not be and consequently that this action could not be maintained.   Upon this point I content myself with a simple reference to the following authorities: *Oldham v. Sale,* 1 B. Monroe, 76; *Firestone v. Firestone,* 2 Ohio St., 415; *Bowie v. Berry,* 3 Md. Ch. Decisions, 359; *Hinton v. Hinton,* 2 Ves. Sen., 631, 638; *Jackson v. Bull,* 1 Johns. Cases, 81; Blackwell on Tax Titles, Title "*Relation,*" p. 383 et seq., and cases cited.   As our statute of frauds makes a verbal agreement for the sale of lands not merely voidable but void, and as *Mr. Walsh* did nothing under the agreement by way of part performance before the marriage, I think,

notwithstanding the authorities above cited, that *Mrs. Madigan* may avoid the agreement, and insist upon her right of dower.

The objection that the judgment gives *Mrs. Madigan* an absolute right of dower in the land is untenable. The language must be construed with reference to the facts pleaded and proved; and being so construed, the judgment establishes only *Mrs. Madigan's* contingent right. The effect is merely to relieve her inchoate title of the cloud created by her supposed conveyance.

*By the Court.*—Judgment affirmed.