WESTON and another vs. WESTON, imp.

MARRIED WOMAN: MECHANIC'S LIEN ON HOMESTEAD. *(1) General right of wife to resist alleged lien on homestead. (2) Special right during proceeding for divorce. (3)* PRACTICE: *Conditions on which wife admitted to defend.*

1. A married woman, under our statutes, in addition to the inchoate right of dower, has other rights in the homestead; and *it would seem* that she has such an interest as makes her a proper party to an action to enforce a mechanic's lien on the homestead. *Madigan v. Walsh*, 22 Wis., 501, cited and approved; *Bean v. Fisher*, 14 Wis., 57, and *Gray v. Gates*, 37 id., 614, distinguished; and *Read v. Sang*, 21 Wis., 678, criticised, though not overruled.

2. Where, by petition after judgment against the husband alone to enforce a mechanic's lien, his wife, in addition to her dower and homestead rights, showed a right in herself to the possession of the premises exclusive of her husband, under an order of the court in an action for divorce and alimony, and also alleged that the husband, while owing plaintiffs little or nothing, was fraudulently colluding with them to effect an alienation of the homestead without her consent: *Held,* that there was no error in vacating the judgment and admitting her to defend. *Read v. Sang, supra,* distinguished.

3. Nor was the order admitting the wife to defend erroneous because she had not presented to the court a verified answer, nor because payment of costs by her was not imposed as a condition.

APPEAL from the Circuit Court for *Portage* County.

This action was brought against Paul Weston alone, to enforce a lien pursuant to ch. 153, R. S. 1858, for the price and value of labor performed and materials furnished by plaintiffs in the construction of a dwelling-house on a lot of the defendant described in the complaint. The action was undefended, and plaintiffs recovered the amount of their claim, which was adjudged a specific lien on such dwelling-house and the interest of the defendant in such lot.

A few days after the judgment was recovered, *Effie J. Weston,* defendant's wife, presented to the circuit court her affidavit, alleging that the premises affected by the judgment

were the homestead of her husband, and constituted nearly all his property; that she had theretofore instituted a suit against her husband, in which she claimed a divorce from him and alimony out of his estate; and that the possession of the premises in question had been awarded to her by an order of the court made in such action. She also alleged therein, on information and belief, that if her husband was indebted to the plaintiffs, the amount of such indebtedness was small — much less than the judgment so recovered; that such judgment was obtained by fraud and collusion between her husband and the plaintiffs (who are the father and brother of her husband), " for the sole purpose of defeating her inchoate right in the homestead; " and that, if allowed to defend the action, she could produce sufficient evidence to defeat the lien adjudged against the premises.

On such affidavit, and the affidavits of other persons tending to corroborate some of her statements, *Mrs. Weston* moved that the judgment be opened and she be allowed to appear and defend the action. A counter affidavit of one of the plaintiffs was read on the hearing of the motion, averring the good faith and justice of the judgment.

The circuit court granted the motion; and the plaintiffs appealed from the order.

For the appellants, there were briefs by *Raymond & Haseltine,* and oral argument by *Mr. Raymond.* They contended, 1. That, as a general rule, only *parties* to judgments can move to set them aside *( Ward v. Clark,* 6 Wis., 509; *Ætna Ins. Co. v. Aldrich,* 38 id., 107; Freeman on Judgments, § 91); that, to authorize one not a party to make such motion, he must show, first, that he has a *present legal interest* in the property affected by the judgment *( Wintringham v. Wintringham,* 20 Johns., 296), and, secondly, that such interest is bound by the judgment *(Bean v. Fisher,* 14 Wis., 57; *Gray v. Gates,* 37 id., 614); that the wife, as such, has no legal or equitable interest in the homestead belonging to the husband; that the

exemption is not for her benefit, but for that of the debtor (R. S., ch. 134, sec. 23; *Myers v. Ford*, 22 Wis., 139), and the latter may abandon the homestead, and seek another home, to which his wife cannot unreasonably refuse to accompany him, without committing an act of desertion constituting ground of divorce (*Gleason v. Gleason*, 4 Wis., 64; Tay. Stats., 1550, § 30); that although, while he occupies the homestead, the husband cannot convey or encumber it without consent of the wife, yet this gives her no interest in the property (*Hoyt v. Howe*, 3 Wis., 760); that she cannot join with her husband in an action to recover the homestead, when title to it has been obtained by fraud, because she has no separate interest therein which courts will recognize (*Read v. Sang*, 21 Wis., 678); and that she is no more a proper party to an action like this, than a general creditor or an heir expectant. 2. That the mere fact that respondent had commenced an action for a divorce, did not change her relationship to the debtor, but it could be changed only by an actual divorce and judgment conveying the property to her. 3. That if the respondent had any distinct estate, title or interest in the property, it was not affected by the judgment. 4. That the respondent was at least not a *necessary* party to the action, and, if she could be permitted to answer at all, her application was addressed to the *discretion* of the court; her proposed answer, duly verified, should have been presented with the motion papers; and, in the absence of such answer, or even an affidavit of merits, it was error to grant the application. *Levy v. Goldberg*, 40 Wis., 308; *Seymour v. Supervisors*, id., 62; *Howey v. Clifford*, 42 id., 561. 5. That at least the application should have been granted only upon payment of costs.

*G. W. Cate*, for the respondent, contended, 1. That it appeared from the complaint and petition in this action, not that plaintiffs had done any work on defendant's premises as *laborers* or *mechanics*, but that their claim was merely that of material men; that the statute exempting the homestead and

other property from " execution or other final process from a court for a debt or liability," while it declares that such exemption shall not effect any *laborer's* or *mechanic's* lien, does not relieve the lien of a material man from such exemption; and that it should not be extended, by construction, to any others than the classes named in it, which were designed to be favored beyond other creditors. R. S. 1858, ch. 134, secs. 23, 24; *Duncan v. Bateman*, 23 Ark., 327; *Boutner v. Kent*, id., 389; *Pitts v. Bomar*, 33 Ga., 96. 2. That the law of this state vests in the wife an interest in the homestead, which she may protect against the husband and his creditors. He cannot alienate it without her consent. Neither can he, by abandoning his family, while the family occupies the homestead, or by driving them from it, deprive his wife of her rights in it. So neither can he deprive her of those rights, if she chooses to assert them, by colluding with her creditor and failing to defend an unjust claim. It belongs to her for a home until another is provided, or until there is a removal without an intention to return. 3. That the order in the pending action for a divorce and alimony, awarding to the respondent the possession of the property, gave her such an interest in it as made her a proper party to this action, since she has at least a possession which may be defeated by the enforcement of the judgment. This court has held a subsequent purchaser or incumbrancer a proper party to an action to enforce a specific lien for materials and labor (*McCoy v. Quick*, 30 Wis., 521; *Hall v. Hinckley*, 32 id., 362; *Rice v. Hall*, 41 id., 457; Phillips' Mechanic's Lien, § 400); and the rule amongst competing lien claimants is, that a junior claimant may come into court and contest, item by item, the claim of a prior lien. If the respondent's rights in the premises are subordinate to the claim of the plaintiffs, she has a similar right to contest that claim and reduce it as much as possible. 4. That the motion papers disclosed a good defense to a large part of plaintiff's claim, showing that a large portion of the labor and material was furnished

by persons other than the plaintiffs, under contract with Paul Weston, and was paid for by him; and that the rule requiring a party in default to produce his proposed answer with an affidavit of merits, has no application to the case.

LYON, J. While it may be true that the statute does not make the wife a joint tenant with her husband of the homestead, or vest in her an interest in the fee, yet it does confer upon her valuable rights therein. It gives her the right of occupancy and enjoyment thereof with her husband as against his creditors, and an absolute veto on his power to alienate it. In case the husband dies intestate, the homestead descends to his widow, absolutely if he leaves no children surviving him, and during her widowhood if he does. Tay. Stats., 1171, § 5. These are additional to her dower right, which manifestly is not merged in the homestead right. Should the husband lawfully devise the homestead to another, or should he die leaving children, and his widow marry, she may assert her dower right, notwithstanding the premises were once the homestead of her husband.

In *Madigan v. Walsh*, 22 Wis., 501, this court found no difficulty in holding that an inchoate right of dower is such an interest in lands as will enable a married woman to maintain an action to set aside a deed thereof to which her signature has been fraudulently obtained. That decision, we think, disposes of the objection that *Mrs. Weston* has no such interest in the premises affected by the lien judgment as gives her a standing in court to resist such judgment. In addition to her rights under the homestead laws, and her inchoate right of dower, she alleges that she is entitled to the possession of the premises pursuant to an interlocutory order of the court in the divorce suit. We infer that she is in possession by virtue of the order, and that such possession is exclusive of her husband. Having these various interests and rights in the premises, it would be a reproach to the law were she denied a

standing in court to defend them when they are fraudulently and collusively assailed by her husband and his kindred. We hold, therefore, that *Mrs. Weston* is a proper party to the lien suit.

If not made a party, probably she might maintain an action against the plaintiffs in the nature of a suit to redeem, in which she could contest the right of the plaintiffs to a specific lien for any sum, or show that the judgment is for too large a sum. *McCoy v. Quick*, 30 Wis., 521. The learned counsel for the plaintiffs claim that the judgment should not be opened to allow *Mrs. Weston* to defend the action, if she is not bound by the judgment; and they cite in support of their position, *Bean v. Fisher*, 14 Wis., 57, and *Gray v. Gates*, 37 id., 614. *Bean v. Fisher* merely holds that a judgment should not be opened to let in a new party whose interests are not affected by it; as, for example, a prior incumbrancer in an action to foreclose a junior mortgage. The same rule was stated hypothetically in *Gray v. Gates*, but the case turned upon a special statute of limitations relative to opening judgments.

We think the interests of *Mrs. Weston* may be affected by this judgment, if it is allowed to stand. On a sale under it she is liable to be excluded from the possession of the premises — at least she may be so excluded unless she bring an action promptly, and obtain an injunction to protect her possession. This would or might require the giving of security, which she cannot be required to give if allowed to defend the lien suit. Moreover, in an action thus brought by her, very important questions might arise as to how far a lien judgment against the husband alone binds or affects the wife. Such questions cannot arise in the lien suit, if the wife be permitted to defend it. One writer says, by way of illustration, that a decree which drives a party to a separate litigation of a matter which might have been settled by the decree had such party been before the court, works an injury to him. Thompson on Homestead and Exemptions, § 695. This, however, may conflict somewhat with *Bean v. Fisher*.

*Read v. Sang*, 21 Wis., 678, is relied upon as authority for
the position that *Mrs. Weston* is not a proper party to the
lien suit. It was there held, that, in an action to cancel the
conveyance of a homestead executed by husband and wife,
and which was obtained by the fraud of the grantee, the hus-
band alone must sue, and that it was error to join the wife
as plaintiff in the action. The court entirely overlooked the
consideration that the wife had an inchoate right of dower in
the premises, which fact alone was sufficient to maintain her
standing in court, according to *Madigan v. Walsh, supra.*
The two cases are scarcely reconcilable. If both are to stand,
the wife is better off in respect to land of her husband not a
homestead, than she is in respect to the homestead. This
result could not have been intended by the legislature in the
enactment of the homestead laws. Otherwise, the same law
which gives the wife valuable beneficial interests or rights in
the homestead of her husband, including the power to pre-
vent its alienation, not only left her without the means of pro-
tecting those rights, but actually shuts the courts against her
when she seeks protection to her inchoate dower right in the
homestead.

But it is not necessary to overrule *Read v. Sang* in order to
hold that *Mrs. Weston* may be let in to defend the lien
suit. She shows a right to the exclusive possession of the
premises, a feature wanting in that case. She also asserts
that her husband is fraudulently colluding with the plaintiffs
to effect an alienation of the homestead without her consent,
through the processes of the lien suit, when he owes them
little or nothing — thus fraudulently attempting to do by indi-
rection that which the law will not permit him to do directly.
There was no such condition of things in *Read v. Sang*, but
husband and wife were acting together in entire accord, in an
endeavor to recover their homestead, of which they had been
defrauded, and the rights of the wife were as well protected
in the action by the husband alone as they would have been

Weston and another vs. Weston, imp.

had she been allowed to remain a plaintiff upon the record. These differences are vital, and they take this case out of the rule of *Read v. Sang*.

There are some adjudications in other states which sustain *Read v. Sang*, but the great weight of authority seems to be the other way. It is not thought necessary to comment upon, or even to cite, the cases on the subject. Reference to many of them will be found in Mr. Thompson's treatise, before mentioned, in the notes to §§ 690 to 698 inclusive; and in Mr. Smyth's treatise on the same subjects, in notes to § 72.

Objection is made that irregularities of practice were committed, in that *Mrs. Weston* was made a party to the lien suit without being required to present a verified answer or pay costs as a condition to such relief. We do not understand that correct practice requires that terms should be imposed in such cases. *Mrs. Weston* is not in default, and the conditions upon which relief is granted to parties in default, should not be imposed upon her. We are not aware of any statute or rule of practice which requires that any such burden must be laid upon her. Certainly the statute concerning the bringing in of new parties does not. R. S. 1858, ch. 122, sec. 22.

Under all of the circumstances of the case, our conclusion is that *Mrs. Weston* shows such an interest in the premises affected by the judgment in the lien suit, as entitles her to defend that suit; that the judgment was properly opened to enable her to do so; and that the practice in that behalf has been regular.

*By the Court.* — Order affirmed.