Charles A. Ransom and another v. Lucia M. L. Ransom.

*Married women: Deeds: Common-law disability: Married woman's act.*    Prior to the enactment of the married woman's act of 1855 (*Comp. L. 1871,* § *4803*), a deed made directly from husband to wife was not a valid conveyance; the common-law disability which precluded such a conveyance without the intervention of a trustee was first removed by the provisions of that act conferring upon the wife complete authority to act in respect to her estate of every nature, *sui juris.*

*Heard July 23.    Decided October 13.*

Error to Kalamazoo Circuit.

*M. J. Smiley* and *G. V. N. Lothrop,* for plaintiffs in error.

*Arthur Brown* and *H. F. Severens,* for defendant in error.

COOLEY, J.

This case presents the question whether a deed made directly from husband to wife in the year 1854 was a valid conveyance of the legal title to the lands therein described. The plaintiffs in error maintain that the common-law disability which precluded such a conveyance without the inter-

vention of a trustee was still in force at that date, while the defendant in error insists that it had been previously removed by the constitution of the state and by statutes; and she relies upon *Burdeno v. Amperse, 14 Mich., 91,* and *Tong v. Marvin, 15 Mich., 60,* as furnishing support to this position.

*Tong v. Marvin* only decides that the estate by the curtesy does not exist in this state since the statute of 1855 (*Comp. L. 1871,* § *4803*), which declares that the property of the wife, real and personal, howsoever or whensoever acquired, shall be and remain hers, free of the control and not subject to the debts of the husband, and may be contracted, sold, transferred, mortgaged, conveyed, devised and bequeathed by her in the same manner and with the like effect as if she were unmarried. Its existence was held to be inconsistent with the legislative intent which the statute manifested to exclude altogether the common-law rights of the husband in the wife's property, and his control of her actions in respect to it.

The case did not call for any decision whether previous statutes or the constitution had not accomplished the same result, nor does the case at bar, in our opinion, require a consideration of that point. The act of 1855 was the first provision of law in this state which in terms gave to a married woman complete independent authority to dispose of her property. The constitution (*Art. 16,* § *5*) provided that it might "be devised or bequeathed by her as if she were unmarried," but stopped short of giving her authority to contract and convey by instruments to operate *inter vivos.* Possibly it might be contended that this power of testamentary disposition which was conferred by the constitution was inconsistent with the husband's curtesy, but the question would not be the same as the one now before us.

In *Burdeno v. Amperse* it was decided that since the statute of 1855 a deed of lands made directly by husband to wife was valid as a legal conveyance. In that case the conclusion was reached, after a careful review of the authori-

ties, that the basis of the common-law disability which precluded the wife from dealing directly with the husband, was in her peculiar disqualifications and burdens which were finally removed by the statute of 1855, and that the removal of these renders it as competent for her to receive a conveyance directly from the husband, as it would be to give such a conveyance directly to him. The ground on which the decision is placed is inconsistent with the position which the defendant in error assumes here. It may be, as is argued on her behalf, that after the statutes of 1844 and 1846 had taken from the husband all right to the rents and profits of the wife's estate, and especially after the constitution had deprived him· of all right to possession, and given her a power of testamentary disposition, there was no sufficient reason why a deed like the one in question should not be allowed. Perhaps there was no sufficient reason why it should not have been allowed at the common law; but as it was not, it is necessary to find when and how the common law was changed in this regard. The view taken by the court in *Burdeno v. Amperse* was that the change was effected when the *statute of 1855* conferred upon the wife complete authority to act in respect to her estate of every nature *sui juris*. The argument made in this case has not convinced us that it was made sooner.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.