## Elizabeth Farwell v. John Johnston and another.

*Equity pleading: Allegation of consideration: General demurrer.* On general demurrer to a bill in equity, general allegations of matters merely going to make up a completed consideration are good enough, though it is more correct pleading to set them out specifically.

*Consideration: Release by wife: Dower: Homestead.* A release by a wife of a dower and homestead interest is a valuable consideration and sufficient to support a lawful contract.

*Contracts: Statute of frauds: Performance.* A contract to convey a parcel of land to a wife, in consideration of her joining her husband in a deed of a homestead, and thereby releasing her dower and homestead rights, is held taken out of the statute of frauds by performance, when the deed has been fully executed and delivered.

*Equity pleading: Specific performance: Bona fide purchaser: Demurrer.* A bill by the wife for specific performance of such a contract, to which a third person, to whom defendant has conveyed, is made a party, which avers that complainant is in possession, and indirectly that such third person knew her equities, is not open on general demurrer to the objection that it fails to allege that he lacked the qualities of a *bona fide* purchaser.

*Specific performance: Bill of complaint: Prayer: Compensation.* A bill which prays for specific performance as the primary remedy and for compensation as alternative relief merely, is not subject to the objection that it is filed for compensation only.

*Heard June 14. Decided June 20.*

Appeal in Chancery from St. Clair Circuit.

*Chadwick & Voorheis,* for complainant.

*B. C. Farrand* and *C. R. Brown,* for defendants.

CAMPBELL, J:

Complainant filed her bill for the specific performance of an agreement whereby, in consideration of her release of a dower and homestead right by a deed which she made with her husband to the defendant Johnston, he agreed to convey to her a parcel of two acres, after the title to his purchase was cleared of certain incumbrances, which the bill avers to have been done. Graham is made a defendant by reason of an alleged conveyance to him by Johnston.

A demurrer was put in, setting out four grounds: *first,* want of jurisdiction; *second,* remedy at law; *third,* that Graham is not averred to be a purchaser in bad faith; *fourth,* that the bill is only filed to obtain compensation.

The principal defense is that of the statute of frauds. It is claimed the only written document relied on is not a complete and clear contract, and that no verbal arrangements are valid. It is also claimed the contract has no sufficient consideration.

The writing was as follows:

"PORT HURON, MICH., October 15, 1873.

"B. C. Farrand, Esq: I agree to give Mrs. Farwell two acres of land for herself, and settle up the entire thereof when the abstract is made perfect according to the understanding.

"JOHN JOHNSTON.

"Two acres to be from southeast corner to school-house.

"J. J."

The bill does not aver this writing to have been the contract, which is set up independently; and the object of this document was, as appears from the bill, as a part of the consideration of complainant's signing her own deed, but not the whole consideration. It is not set forth as a contract between Johnston and complainant, and may be assumed to have been one of the assurances which she desired to have in the hands of some reputable third person.

The contract itself is set out plainly enough in the bill, except that it does not describe specifically the particular mortgages which were to be discharged before she would be entitled to her two acres. They are, however, averred to have been discharged long since by a decree in chancery, and there is no ground of demurrer alleged for want of a more specific description. On general demurrer such allegations of matters merely going to make up a completed consideration are good enough, although it would have been more correct pleading if they had been set out more specifically.

The objection for want of consideration is without any foundation. It has always been held that a release by a wife of an interest which was within her own option to release or not—as, for example, a right of dower—is a valuable consideration, which will support a post nuptial settlement, and therefore will suffice for any other purpose. This is elementary law, and was never disputed.

As this contract was partly performed by the conveyance which Mr. and Mrs. Farwell executed at the outset, this part performance being nearly the entire substance of the consideration, and one which put the parties where they cannot be restored in *statu quo*, by depriving them of their homestead, the case is thereby taken out of the statute of frauds.

The objection that Graham is not alleged to have lacked the qualities of a *bona fide* purchaser, is equally untenable. It is positively averred that complainant was in possession, which would give him presumptively constructive notice of her rights, and there is an indirect averment that he knew her equities. Perhaps a special demurrer might have compelled an amendment putting the averments in a better form, but they are good on general demurrer.

The objection that the bill is filed merely for compensation, is incorrect. It prays compensation only as alternative relief, and this is proper. It prays specific performance as the primary remedy.

The demurrer should have been overruled. The decree below must be reversed and the demurrer overruled, with costs of both courts, and the cause remanded for further proceedings, with leave to the complainant to amend if she desires to do so.

The other Justices concurred.