ELIZA W. BISSELL v. FREDERICK F. TAYLOR.

*Inchoate dower and homestead rights a sufficient consideration for a deed to a wife, and will support an action for damages for fraud.*

The consideration given by a wife for a conveyance to her need not pertain to her sole property to enable her to sue for damages if defrauded in the transaction.

A wife's inchoate rights in her husband's estates of inheritance will support an action by her for damages in being defrauded by false representations as to land conveyed to her in consideration of her joining in her husband's deed.

A wife's consent to release and actual release of her homestead rights in her husband's property are sufficient consideration for a conveyance to her individually.

Error to Superior Court of Grand Rapids. Submitted October 15. Decided October 21.

TRESPASS ON THE CASE for false representations. Plaintiff brings error.

*Isaac H. Parish* and *Stephen H. Ballard* for plaintiff in error. Whenever a wife's homestead or dower right is involved or she is defrauded by a grantee to part with it, she has a right of action for damages, *Simar v. Canaday*, 53 N. Y., 298; *Beals v. Storm*, 26 N. J. Eq., 372; *Beach v. Miller*, 51 Ill., 206; *Yazel v. Palmer*, 81 Ill., 82; *Bullard v. Briggs*, 7 Pick., 533.

*John C. Fitz Gerald* for defendant in error. Inchoate right to dower is not property, but only an expectancy until the husband's death, Cooley's Const. Lim., 361; *Pratt v. Tefft*, 14 Mich., 200; *Hathon v. Lyon*, 2 Mich., 93; *Tong v. Marvin*, 15 Mich., 60; *Barbour v. Barbour*, 46 Me., 9; *Lucas v. Sawyer*, 17 Iowa, 517; *Noel v. Ewing*, 9 Ind., 37; *Moore v. Mayor*, 4 Sandf., 456: 8 N. Y., 110; *Jenness v. Cutler*, 12 Kans., 516; the wife cannot sell or mortgage her rights in her husband's property, *Ring v. Burt*, 17 Mich., 472; *Fisher v. Meister*, 24 Mich., 453; she can only bar or relinquish them by joining in her husband's deed or mortgage, Act 65 of 1877; *Knox v. Brady*, 74 Ill., 476; *Bogert v. Gulick*, 65 Barb., 322; *Scudder v. Gori*, 3 Robert., 661; *Switzer v. Valentine*, 4 Duer, 96; *Phillips v. Hagadon*, 12 How. Pr., 17; they are not sole property, *Sykes v. Chadwick*, 18 Wall., 141; she can have her signature to her husband's deed canceled for fraud, and a deed of the homestead without her signature is void, *Comstock v. Comstock*, 27 Mich., 98; *Helm v. Helm*, 11 Kan., 21.

COOLEY, J. The plaintiff's case is this: that she, being the wife of Onzo J. Bissell, was on the 21st day of February, 1877, occupying with her husband certain premises in Grand Rapids which the husband owned in fee, and in which she had rights as his wife, and the right which a wife has in respect to the husband's homestead, and which entitled her to refuse her assent to any alienation thereof; that while so occupying and so entitled defendant bargained with her husband for the purchase thereof for the sum of $7,440, which it was agreed should be paid as follows: $4,180 by defendant assuming the payment of certain incumbrances; $1,260 in a mortgage then owned by defendant, and the balance in a certain farm which was to be deeded to plaintiff as a consideration to her for joining with her husband in the alienation of the Grand Rapids property; that defendant to induce plaintiff to unite with her husband

in such alienation falsely and fraudulently made certain representations in respect to the farm, which are set forth at large in the declaration, and which it is averred he well knew were untrue; by means whereof he succeeded in effecting the purchase, and inducing plaintiff to unite in the deed of conveyance to him, whereby she was defrauded and damnified. For this damage she claims to recover on the special case.

The Superior Court refused to receive any evidence under this declaration, on the ground that it set forth no cause of action. We have not the reasons of the trial before us, but we are probably not wrong in assuming that they are the same which are presented here in support of his judgment. If so, they are in substance these: that the contingent right which the wife has in her husband's estates, and the power of control which under the statute she may exercise in respect to his alienation of his homestead, or of the premises from which he is entitled to have a homestead set off, are not her sole property within the meaning of the statute which empowers married women to grant, bargain, sell, mortgage and contract their sole property, and consequently she is not entitled to maintain suits under that statute upon any contract she may have attempted to make respecting the same. This is the main position taken by the defendant, and all others depend upon it.

We think the defendant misconceives this case. The plaintiff is not suing for damages suffered through her signature being fraudulently obtained to a deed, but for being defrauded in the conveyance which was the consideration for such signature. It is not of the least importance in such a suit whether what she gave for the conveyance did or did not pertain to her sole property; it is sufficient that it was something that had value to her, present or prospective, and which she relinquished as the consideration for what she obtained. The question of her interest or right, or power of control—whatever it may be—is purely a question of considera-

tion, and there never was any question even at the common law, that the wife's inchoate right in her husband's estates of inheritance had a value which would support a conveyance to her in consideration of its relinquishment, *Farwell v. Johnston*, 34 Mich., 342; and if it will support a conveyance, it will support whatever accompanied the conveyance, and which would have given rights to any one else who might have been purchaser. She has the same right with other persons to make valid contracts for the purchase of sole property; *Tillman v. Shackleton*, 15 Mich., 447; and when it appears that she gave value for that for which she bargained, it is wholly unimportant to the liability of the other party whether the value pertained to her rights in one capacity or in another. The person with whom she has dealt who has received what he bargained for is further concerned only in his own performance.

But it is said the plaintiff does not allege that her inchoate right of dower was bargained for. We think otherwise. The allegations of the declaration in this regard are not as artistic as they should have been, but they are sufficient. Besides, the consent to release the homestead right, and its actual release would have been consideration sufficient.

This covers the whole case. The judgment must be reversed with costs, and the case remanded for trial.

The other Justices concurred.