HIGGINS *v*. ST. JOSEPH LOAN AND TRUST COMPANY OF SOUTH BEND.

[No. 14,794.  Filed September 23, 1933.  Rehearing denied January 11, 1934.  Transfer denied May 23, 1934.]

*Dudley M. Shively* and *Walter R. Arnold,* for appellant.

*Parker, Crabill, Crumpacker & May, Woodson S. Carlisle,* and *George N. Beamer,* for appellee.

DUDINE, J.—Appellant married Robert C. Higgins in March, 1924. They lived together as husband and wife until November 14, 1928, when they separated. They did not cohabit thereafter as husband and wife. On that date they entered into a written property settlement agreement by which the husband agreed to pay appellant certain sums of money, and to transfer, release, and deliver to her certain chattel property, and by which agreement appellant agreed to accept the money and chattels, and the contract contained the following further provisions:

"Fourth: It is mutually understood and agreed by and between the parties hereto, that the first party does hereby forever release and waive any rights that she may have to any property now owned and possessed by the second party, or that may hereafter be owned and possessed by the second party, and likewise, the second party hereby waives and releases any and all rights that she (he) may be entitled to of the property of the second (first) party that she does now possess or that she may hereafter possess, and it is the intention that this release and agreement applies to personal as well as real property of the parties hereto.

"Fifth: The first party in consideration of the

second party entering into the above contract, and upon the performance of all the terms and conditions hereinbefore provided, agrees to forever relieve and release the second party, from providing for any support and maintenance of the first party, and to release and relieve him from any obligations contracted by the first party."

Said Robert C. Higgins paid, transferred, released, and delivered to appellant the money and chattels mentioned in the contract in accordance with the provisions thereof, and appellant accepted them.

He died intestate May 28, 1931, leaving surviving him, appellant, his widow, and two children by a former marriage. Appellant was his second and childless wife. Appellee, St. Joseph Loan and Trust Co. of South Bend, was duly appointed administrator of his estate.

Appellant filed her verified claim for the statutory widow's allowance, to which appellee administrator filed an answer alleging the execution of said contract, compliance therewith by decedent, and that said contract finally and fully settled the property rights between the parties.

The cause was tried before the court without a jury and the court found for the defendant and rendered judgment accordingly. Appellant duly filed a motion for new trial which was overruled. Appellant appeals from the judgment assigning the overruling of said motion for new trial as her sole error relied upon for reversal.

As grounds for her motion for new trial, appellant contends, first, the decision of the court is not sustained by sufficient evidence, second, the decision is contrary to law.

All the evidence was stipulated. The additional facts, which were stipulated, and which are pertinent to this appeal, are that said contract was fair and equitable between the parties, and was free from fraud;

that it was never abrogated, rescinded, or modified; it was prepared by appellant's attorney at the request of both parties—and that there is in possession of the administrator an amount in excess of a widow's statutory allowance.

Appellant contends that "a widow's rights in property of a deceased husband are not to be deemed relinquished by any postnuptial agreement, *unless such purpose is expressed or* unquestionably inferable from the agreement (our italics) ; that there is nothing in the separation agreement to the effect that said widow was relinquishing any right as against the estate of said husband *in the event of his death prior to hers* (and therefore) those rights were preserved unto her—" (Our italics).

A determination of the question presented involves a construction of the contract.

We must presume that when appellant executed the contract, she knew what her legal rights were; that she knew she was entitled to a widow's allowance in addition to her rights of inheritance.

That a wife can effectively relinquish her rights of inheritance in her husband's property has been definitely settled by our Supreme Court in *Leach* v. *Rains et al.* (1897), 149 Ind. 152, 48 N. E. 858. Although we have not found any decision by the courts of last resort of this state, that a "widow's allowance" may be effectively relinquished by a postnuptial agreement there is ample authority by the courts of last resort in other states for so holding. See *In re Noah* (1887), 73 Cal. 583, 15 Pac. 287; *Estate of Yoell* (1913), 164 Cal. 540, 129 Pac. 999; *Hollenbeck* v. *Pixley* (1858), 3 Gray (Mass.) 521; *In re Roth* (1899), 6 Ohio N. P. 498.

The usual rules governing the construction of contracts apply to the contract of marriage settlement.

30 C. J. 646. The purpose of all rules of construction is to arrive at the intention of the parties. If the provisions of the contract are not ambiguous, they should be construed in accordance with the language used, to effectuate the intention of the parties, and the words must be given their ordinary meaning. Appellant agreed not only "to waive any rights that she may have to any property now owned and possessed by ........ (decedent) ........ or that may hereafter be owned and possessed by ........ (him) ........" but appellant also agreed "to *forever* relieve and release ........ (decedent) ........ from providing for any support and maintenance of ........ (herself) ........"

We think this contract is clear and unambiguous, insofar as the matter of statutory widow's allowance is concerned. Appellant's agreement to "waive any rights she may have to any property now owned and possessed by ........ (decedent) ........ or that may hereafter be owned and possessed by ........ (decedent) ........" might not be specific enough under decisions of the courts of last resort in other states. (See *Girard* v. *Girard* [1924], [N. M.] 221 Pac. 807, and cases there cited) to include and relinquish rights accruing to her *after decedent's death,* but, if the ordinary meaning of the words used in her agreement to *"forever relieve and release* ........ (decedent) ........ *from providing for any support and maintenance of* ........ (herself) ........,"* be applied, the intention of the parties is apparent. The relief and release from support agreed to was "forever," not merely until decedent's death. It was a release and relief from *"any"* support, which means *all* support. (Our italics.) What word could have been used which would have been more specific as to the time during which the relief and release was to run, than the word "forever?" What word could have been used which would have been more spe-

cific as to the portion of support, from which decedent was to be released than the word "any?" The contract was not only clear and unambiguous, but as was stipulated, it was fair, equitable and free from fraud. Such contracts are valid and binding. *Leach* v. *Rains, supra* (pages 162-163 and cases there cited.)

Appellant and appellee fail, in their briefs, to make reference to said agreement to "forever relieve and release ........ (decedent) ........ from providing for any support and maintenance of ........ (appellant) ........:" Appellant attacks the contract as if it did not contain such provision. If the contract did not contain such provision our decision might be different, but such question is not before us, and we are not deciding it.

The weight of authority authorizes a consideration of the fact as to whether the widow was living with her husband at the time of his death, or was volun- tarily living separate and independent of him, in construing postnuptial and antenuptial contracts. In cases where they were living together as husband and wife at the time of the husband's death the right of widow's allowance is not relinquished unless it is specifically included or unquestionably implied. In cases where she had voluntarily been living separate and independent of her husband at the time of his death, the right of statutory widow's allowance may be relinquished by more general provisions. See annotations to *Girard* v. *Girard, supra,* in 35 A. L. R. 1518, "Statutory Allowance." See also *In re Parks Estate* (1902), 25 Utah 161, 69 Pac. 671.

Judgment affirmed.