HIGGINS v. ST. JOSEPH LOAN & TRUST COMPANY, ADMINISTRATOR.

[No. 15,558. Filed November 22, 1937. Rehearing denied February 16, 1938. Transfer denied April 5, 1938.]

*Shively & Arnold* and *John Degnan,* for appellant.

*Woodson S. Carlisle* and *Parker, Crabill, Crumpacker & May,* for appellee.

CURTIS, J.—The appellee in its brief says that "the nature of the action, what the issues were, the errors relied upon for reversal and the concise statement of the record have all apparently been stated fully, fairly and correctly by appellant in her brief." We therefore quote from the appellant's brief as follows: "Appellant and Robert C. Higgins were married in March, 1924, and lived together as husband and wife until the 14th of November, 1928. At that time they entered into a separation agreement and thereafter lived apart until the time of the death of Robert C. Higgins, which occurred May 28, 1931. Appellee was appointed the administrator of the estate of said Robert C. Higgins, who died intestate a resident of St. Joseph County, Indiana. The separation agreement, so far as material here, provided that the husband should pay to the wife the sum of five hundred dollars in cash contemporaneously with the execution of the instrument, and five hundred dollars additional at the rate of one hundred dollars per month, commencing on the 14th day of December, 1928, and continuing each month for four months thereafter and surrender to the wife certain furniture, the wife releasing to the husband a certain automobile and it was provided as follows:

" 'FOURTH: It is mutually understood and agreed by and between the parties hereto, that the first party does hereby forever release and waive any right that she may have to any property now owned and possessed by the second party, or that may hereafter be owned and possessed by the second party, and likewise, the second party hereby waives and releases any and all rights that she (sic) may be entitled to of the property of the second (sic) party that she (sic) does now possess or that she (sic) may hereafter possess, and it is the intention that this release and agreement. applies to personal as well as real property of the parties hereto.

" 'FIFTH: The first party in consideration of the second party entering into the above contract, and upon the performance of all the terms and conditions hereinbefore provided, agrees to forever relieve and release the second party, from providing for any support and maintenance the first party, and to release and relieve him from any obligations contracted by the first party.'

The husband, prior to his death, had fully performed what was required of him under the separation agreement. On the 16th day of May, 1931, he filed a suit for divorce against appellant on the ground of abandonment. This cause was pending at the time of his death.

"The husband left an estate consisting of $4,288.45 in personalty; $3.200.00 in real estate. Besides the appellant, his widow, he left a son and daughter by previous marriage, Ruth McAdams and Vernon Higgins. The widow made demand upon the administrator for her $500.00 statutory allowance. The administrator, on the strength of the separation agreement, declined to recognize her right to this statutory allowance, and she thereupon filed her petition with the court to require the administrator to make payment of her claim. The trial court denied her petition on the ground that she had relinquished her right under the above mentioned separation agreement. From that denial and a motion for a new trial following, an appeal ensued and the

decision of the trial court was affirmed. (*Elizabeth Handley Higgins* v. *St. Joseph Loan & Trust Co. of South Bend, Cause* No. 14,794, 98 Ind. App. 674.) . . . An answer was filed by the administrator setting up the postnuptial agreement aforesaid.

"Issues were joined upon the petition by the affirmative answer of the administrator, and judgment that appellant (petitioner) take nothing by her petition, and that the administrator recover its costs.

"The single error appellant relies upon for reversal of the judgment of the trial court is in overruling her motion for new trial on each of the following grounds: (a) The decision of the trial court is not sustained by sufficient evidence. (b) The decision of the trial court is contrary to law."

The facts were all stipulated and they correspond closely with what may be gathered from a reading of the previous parts of this opinion. There is no question presented in the instant case as to the fairness of the postnuptial contract. It has never been modified or rescinded by the parties.

The questions before this court are whether or not the decision of the trial court is sustained by sufficient evidence and whether or not said decision is contrary to law. The question before the trial court was whether or not the appellant Elizabeth Handley Higgins, who admittedly survived the decedent as his widow, was barred by the said written separation agreement and the full performance thereof by the decedent in his lifetime from receiving the share of his personal estate, and the life interest in part of his realty to which she would otherwise be entitled as his widow. It is the appellee's contention (1st) that under the law of this state the appellant could by a valid postnuptial contract effectively release her rights of inheritance in her husband's estate and (2nd) that by the contract under

consideration in the instant case she effectively did so. After a careful consideration of the contract and the law we agree with the appellee's contention.

In the case of *Leach* v. *Rains et al.* (1897), 149 Ind. 152, 162, 48 N. E. 858, our Supreme Court said:

> "It has been held that a contract between husband and wife, free from fraud or undue influence on his part, whereby she releases her right to inherit the property of the husband if she survives him, is valid. *Dakin* v. *Dakin*, 97 Mich. 284, 56 N. W. 562; *Chittock* v. *Chittock*, 101 Mich. 367, 59 N. W. 655; 1 Beach on Con., section 475; 2 Beach on Con., section 954. Such contracts on the part of the wife have been recognized as valid, and enforced in deeds and articles of separation. *Thomas* v. *Brown*, 10 Ohio St. 247; *Garver* v. *Miller, supra; Farwell* v. *Johnston*, 34 Mich. 342; *Randall* v. *Randall*, 37 Mich. 563; *Bissell* v. *Taylor*, 41 Mich. 702, 3 N. W. 194; *Rhoades* v. *Davis*, 51 Mich. 309, 16 N. W. 659; *Robertson* v. *Robertson*, 25 Ia. 350; *Owens* v. *Bank*, 31 Md. 325; *Glenn* v. *Clark*, 53 Md. 580; *Dilinger's Appeal*, 35 Pa. St. 357, 361; *Reed* v. *Beasley*, 1 Blackf. 97; *Dutton* v. *Dutton, supra; Hilbish* v. *Hattle*, 145 Ind. 59; Stewart on Marriage and Divorce, section 182-190.
>
> "However, as the complaint is sufficient even if appellant's wife did not have capacity to release her right to inherit the real estate conveyed to him, we need not and do not determine whether or not she has such power in this State."

It is true that in the Leach case, *supra,* the court refrained from deciding whether or not the wife has the right to bar by contract her rights to inherit from her deceased husband yet by calling attention to the holdings in other states, and in the authorities that she has such right the court gave tacit approval, to say the least, to such doctrine. This court in the case of *Higgins* v. *St. Joseph Loan & Trust Co.* (1934), 98 Ind. App. 674, 186 N. E. 910, had before it the identical contract before us in the instant case and there decided that by the said contract the wife effectively released her

widow's statutory allowance out of her deceased husband's estate. In presenting its views in the latter case this court said (p. 677) : "That a wife can effectively relinquish her rights of inheritance in her husband's property has been definitely settled by our Supreme Court in *Leach* v. *Rains et al.* (1897), 149 Ind. 152, 48 N. E. 858."

We now adhere to the said doctrine announced in the above two cases and decide that under the laws of this state and the decisions a wife can, by a postnuptial contract fair to both her and her husband, and of course free from fraud, effectively release her rights of inheritance in her husband's estate. This brings us to the other question as to whether or not the trial court was correct in its decisions that the appellant did so release her right of inheritance in her husband's estate in the instant case.

While the question in the Higgins case, *supra,* was as to the widow's statutory allowance yet much of the reasoning in that case is applicable herein. We need not repeat it. As was there stated the prime purpose is to arrive at the intention of the parties as expressed in the contract. The contract was entered into November 14, 1928. They lived apart thereafter. The husband died May 28, 1931. About a week before his death he commenced an action against her for a divorce alleging abandonment. In the case of *Buffington* v. *Buffington* (1898), 151 Ind. 200, 201, 51 N. E. 328, the court held that the words "releases any and all claims to the property of said William C. Buffington, her intended husband" were sufficient to bar the wife's right to inherit a share of his estate.

The language in the instant case is a very close parallel. It is as follows: ". . . that the first party does hereby forever release and waive any right that she may have to any property now owned and possessed by

the second party, or that may hereafter be owned and possessed by the second party." It is true that the contract in the Buffington case, *supra,* was antenuptial, but that fact does not, in our opinion, make the case wholly inapplicable to the instant case. From our examination of the questions presented we are of the opinion that the courts of the country are not in entire accord, but in Indiana the law seems settled against the appellant's contentions. Contracts of the character under consideration are not looked upon with disfavor in the law and they are to be reasonably construed with the view to effectuate their purpose.

The ruling upon the motion for a new trial was correct. Judgment affirmed.