JAMES KARN AND ELLEN KARN v. FRED. NIELSON AND JOHN D. S. HANSON.

*Homestead—Temporary absence, with purpose of re-occupying, will not subject it to levy and sale on execution.*

Temporary absence from a dwelling-house, built on a parcel of land within the statutory limits as to acreage and value, and occupied as a homestead for a time, will not subject the property to levy and sale on execution, it appearing that the owners, though not actually living on the premises for a considerable time, left some household goods in the house during their absence, which was rendered necessary by poverty, but that they always regarded the land as their homestead, and honestly purposed returning and occupying it as such.

Appeal from Oceana. (Russell, J.) Argued January 8, 1886. Decided January 27, 1886.

Decree reversed and one entered for complainants.

*James Brassington,* for complainants :

The constitutional homestead exemption of this State is an absolute right, not merely a personal privilege which to be effectual must be claimed : *Dye v. Mann,* 10 Mich. 291 ; and occupancy is the same thing as possession within the meaning of the homestead law : *Walters v. People,* 21 Ill. 178 ; and removal with intent to return does not amount to abandonment : *Campbell v. Adair,* 45 Miss. 170.; *Wiggins v. Chance,* 54 Ill. 175 ; *Bunker v. Paquette,* 37 Mich. 79.

The purpose of the exemption is to benefit the wife and family as well as the husband and owner, and he *alone* cannot in any way waive this right : *Beecher v. Baldy,* 7 Mich. 488 ; *Dye v. Mann,* 10 Mich. 291 ; *Snyder v. People,* 26 Mich. 106 ; *Comstock v. Comstock,* 27 Mich. 97 ; *Sherrid v. Southwick,* 43 Mich. 515.

*W. E. Ambler,* for defendants :

The record should contain the original bill filed, but only the amended one appears : *Riopelle v. Doeliner,* 26 Mich. 102 ; complainants' right to claim land levied upon, exempt as a homestead, must be decided as of the time the levy was made : *Avery v. Stephens,* 48 Mich. 246 ; and in order to entitle them to sustain such claim they should own and occupy the premises sought to be exempted : *Wisner v. Farnham,* 2 Mich. 472 ; and the premises must contain the dwelling-house and its appurtenances, and must be occupied as a homestead : *Beecher v. Baldy,* 7 Mich. 501 ; *Coolidge v. Wells,* 20 Mich. 79 ; *Kitchell v. Burgwin,* 21 Ill. 40 ; and the word, occupied, is to have a controlling effect in the application of the statute : *Weisbrod v. Daenicke,* 36 Wis. 73 ; and the presumption is that a person is at home where he is living : *Jarvals v. Moe,* 38 Wis. 440–8.

The decision of the circuit judge on the facts, in a chancery case, is entitled to great weight with the appellate court : *Matter of George W. Wool,* 36 Mich. 299 ; and a decree should not be reversed unless the appellate court is satisfied that it is wrong : *Sager v. Tupper,* 42 Mich. 605 ; *Bigbee v. Bigbee,* 50 Mich. 467 ; *Begin v. Henderson,* Ib. 468 ; and the appellate court ought to be fully persuaded that it *must* have

reached a different conclusion had it occupied the position of the court below : *Nicholas v. Nicholas*, 50 Mich. 162 ; *Griffin v. Nichols*, 51 Mich. 576.

CAMPBELL, C. J.    The bill in this case was filed to prevent the sale, on execution, of a 20-acre homestead, worth considerably less than $1,500.    The only question is one of fact, whether it was within the character of a homestead by claim and occupancy.

The complainants testify that their house was built and occupied with that intent, and that, while they have not actually lived in it for a considerable period, they have left some household property there, and have only gone elsewhere from poverty and necessity, and have always regarded it as their homestead.

There is some conflict in the testimony, and there is no dispute about their occupying, at the time of levy, other land not their own.    But, upon the whole case, we do not doubt their purpose of returning, or their honesty in making the claim.

We think the decree dismissing the bill should be reversed, and a decree entered for complainants, with costs of both courts.

MORSE and SHERWOOD, JJ., concurred ; CHAMPLIN, J., did not sit.