BRIDGET WHEELER AND WILLIAM L. WHEELER, BY HIS NEXT FRIEND, v. DEVERAUX SMITH.

62 373
f150 339

[See 55 Mich. 355.]

*Homestead—Held and occupied under unrecorded deed—Conveyance of same by husband's grantor with his consent indorsed on deed—During tempo-rary absence of wife and without her knowledge—Coupled with husband's abandonment of land—And occupancy for some twelve years of an-other homestead with his wife—The title to which was taken in her name—She having knowledge of occupancy of former homestead by good-faith holders—Under such second deed from husband's grantor—And never objecting thereto in his life-time—Destroys homestead or dower rights in such land—A person cannot have two homesteads at the same time—In-fant son was bound by the acts of his parents.*

A married man acquired the title *in fee* to forty acres of land, which he occupied for about *two* years as his homestead, clearing from ten to fifteen acres. He never recorded his deed, and after *such* occupancy his wife went to another portion of the State with his consent, leaving her husband on the farm. During her absence the hus-band's grantor, with his consent indorsed on such unrecorded deed, but without the wife's knowledge, conveyed the land to a third party, and the title to same finally vested in defendant by several *mesne* conveyances, all warranties and all duly recorded. The husband left the land about the time of the execution by his grantor of said deed, and lived in another county, with his wife, for about *twelve* years on premises purchased by him in her name, consisting of four village lots with a dwelling-house thereon, which they occu-pied as their homestead. During *this* time she knew how her hus-band had disposed of his interest in the former homestead, and that it was occupied by other parties, in *good faith*, under and through the deed executed with her husband's consent, and asserted no claim to the land.

*Held*, in an action of ejectment to recover said land, that her rights depended *solely* on the unrecorded deed to her husband, and that under the statute the defendant's *honest* purchase, made under pre-vious *bona fide* purchasers, left this deed precisely as if it had never existed.

Error to Livingston. (Newton, J.) Argued July 1, 1886. Decided July 8, 1886.

Ejectment. Plaintiffs bring error. Affirmed. The facts are stated in the opinion and head-note.

*Thomas J. Davis* (*Theo. Hollister*, of counsel), for appellants.

*D. Shields* and *L. S. Montague*, for defendant.

MORSE, J.   This is an action of ejectment to recover the possession of 40 acres of land in the county of Livingston.

John R. Mason, then the owner of the premises in fee, conveyed this land, by warranty deed dated November 15, 1865, and properly executed, witnessed, and acknowledged, to William Wheeler, husband of the plaintiff Bridget and father of the plaintiff William L. Wheeler.

Wheeler never recorded his deed, but moved upon the premises, then unimproved, built a log house and stable, and occupied them about two years, clearing up and chopping 10 or 15 acres.

In April, 1868, the plaintiff Bridget was sick, and, with the consent of her husband, went to East Saginaw, to her mother's, leaving her husband on the farm with all the household goods.   She remained at Saginaw about one year.

While she was away, and in November, 1868, John R. Mason, with the full consent and at the request of her husband, William Wheeler, executed another deed of the land to Andrew Bly, but without the knowledge or consent of the wife.   It seems that Wheeler wrote upon the back of the deed from Mason to himself as follows:

"I hereby give up this deed, and authorize and request John R. Mason to deed the premises to Andrew Bly."

In 1869 Bly deeded to one Love, who, in the same year, conveyed to one Andrews.   In 1870 Andrews deeded the premises to one French, who, in 1872, conveyed back to Andrews again.

October 5, 1872, Andrews, having the title, conveyed to the defendant, who has since owned and occupied the same. These deeds were all warranties, and recorded.

William Wheeler, after or about the time of the deed from Mason to Bly, moved off from the premises, and went

to Fenton, Genesee county, to live, where his wife joined him. He or his wife never transferred the premises by deed to any one. They lived together at Fenton about 12 years, Wheeler dying in 1881. They rented a place in Fenton in the spring of 1869, and in the fall Wheeler purchased it, the deed being taken in the name of the wife. The property in Fenton was a frame house and four village lots, and cost $950.

After the death of her husband, Mrs. Wheeler commenced an action in ejectment to recover her dower in the same premises involved in this suit. The case will be found reported in 55 Mich. 356. We there held the defendant, Smith, a *bona fide* purchaser of the land, and the unrecorded deed to Wheeler void as against him, and denied the plaintiff right of dower in the premises. We said in that case:

"Whatever plaintiff's rights may have been, they depend solely on the unrecorded deed to her husband. Under the statute, defendant's honest purchase, made under previous *bona fide* purchasers, left this precisely as if it had never existed."

We find no reason in the present record to change our holding. The defendant is substantially admitted to be a good-faith holder in the present case.

The counsel for plaintiffs argued very forcibly and eloquently that the homestead right vested in the wife and family when Wheeler moved upon the premises under the unrecorded deed; and that neither the husband, without her consent, or any operation of the registry laws brought about by his connivance or negligence, could alien or transfer the right away from her; that the right is a constitutional one, which even the Legislature cannot bar by the passage of registry or any other statutes.

We do not deem it necessary, however, to enter into any discussion of this question of constitutional right or legislative power. The testimony of the plaintiff Bridget Wheeler shows plainly enough that both she and her husband abandoned these premises as a homestead some 17 years ago, and the same year acquired another upon which they lived there-

after.[1] A person cannot have at the same time two home-steads; and the infant plaintiff is bound by the acts of his father and mother.

It is argued that the wife did not intend to give up the farm homestead, and that she remained and lived away from it, at Fenton, in the new home, not from choice, but be-cause she was compelled to, or live apart from her husband, and perhaps become liable to be divorced from him for desertion; and it is also claimed that she was excused from taking any steps to reclaim, or giving notice of her intention to assert her rights in, this homestead, because she was a mar-ried woman, and could not move until the death of her husband.

If this be good excuse, then, if Wheeler had lived 40 years longer, she could at his death have recovered her homestead rights, though the land had been occupied and cultivated for half a century by people ignorant of her claim.

If she wished to dissent from her husband's sale of his interest, as against *bona fide* holders, without notice of his ever having any title to the premises, or that she had home-stead or other rights therein, she should have taken some means to notify parties of her claims. She knew how her husband parted with his interest, and that the land was being occupied by parties in good faith, under and through the deed of Mason to Bly, or some conveyance from her husband to Bly, and yet she takes no steps whatever in rela-tion to the matter, but settles down quietly and peacefully, without quarrel even with her husband about the sale of the farm, in the new home, at Fenton, which is contracted and paid for by Wheeler, but deeded to her.

There is no merit whatever in her claim, and there are no errors in the record that could have altered the inevitable result of the trial.

The judgment is affirmed, with costs of both courts.

The record is remanded for such further proceedings as the parties may see fit to take under the statute.

The other Justices concurred.

---

[1] See *Karn v. Nielson*, 59 Mich. 380; *Earll v. Earll*, 60 Id. 30 (note). And, see "Homestead," 60 Mich. 687–8; 61 Id. 684.