MARY WRIGHT v. PARKER WRIGHT ET AL.

*Release of dower—Fraudulent procurement of Partition suit.*

79 527
147 327
79 527
150 ¹340
79 527
j146 ¹586

1. In this case a release of dower from a wife to her husband is held to have been secured through an unconscionable arrangement, and is declared void, and the case is remanded, to be treated the same as any other suit brought by a widow to enforce her dower rights in lands owned by her husband at time of his death; and the lower court is directed to proceed in the case in accordance with the course of equity applicable in such cases.

2. The following propositions are summarized from the opinion of Mr. Justice CAMPBELL:

    *a*—There is no legal objection to a fair and voluntary arrangement between husband and wife, for a fair consideration, to extinguish her right of dower; citing *Randall v. Randall*, 37 Mich. 563; *Rhoades v. Davis*, 51 Id. 306.

    *b*—If a wife is defrauded, or improperly persuaded into an arrangement for the extinguishment of her dower by any fraud or device of her husband, she is entitled to full and adequate redress; and, if difficulties are raised in securing it, he or his estate—inasmuch as his heirs or devisees cannot be regarded as *bona fide* purchasers—must bear the risks.

    *c*—An arrangement between a husband and wife by which she releases her dower rights in consideration of the convey-

ance to her of a parcel of land, which, whether to be received then or at his death, is of very small value, compared with her prospective dower, at the lowest price put upon her husband's lands, and which leaves him at liberty to make a will giving her nothing further out of the estate,—she receiving no contract or assurance of receiving anything further,—is unconscionable.

*d*—No court can set a probated will aside, or change its provisions.

*e*—The circuit court cannot go into a general overhauling of an estate in a partition suit.

*f*—A partition of dower must be such as to give the widow a clean third for life of all the lands subject to dower, and cannot be mixed up with personal accountings, which, if entered into at all, belonged to the administration, and not to partition, usually, if at all.

Appeal from Kent. (Montgomery, J.) Argued January 29, 1890. Decided February 20, 1890.

Bill to set aside a release of dower, etc. Both parties appeal. Decree reversed, and one entered declaring the release void, and remanding the case for further proceedings, as in a suit for enforcement of dower rights, etc. The facts are stated in the opinion.

*Godwin, Adsit & McKnight,* for complainant, contended:

1. When suit is commenced by a widow for dower in lands aliened by her husband in his life-time, if dower cannot be assigned by metes and bounds without injustice or manifest injury to the widow or owners, or *some of them*, the court may award a sum total; citing *Brown v. Bronson*, 35 Mich. 415.

2. If a widow is compelled to sue for dower and a share of her husband's estate in equity, the court will dispose of the whole question of distribution; citing *Miller v. Stepper*, 32 Mich. 194; *Brown v. Bronson*, 35 Id. 415.

3. The rents, profits, and interest in a chancery suit for dower will be brought down to the date of the decree, or to the time of the delivery of the assigned dower to the widow; citing *Darnall v. Hill*, 12 Gill & J. 388.

*Fletcher & Wanty,* for defendants, contended:

1. The authorities cited by counsel for complainant in their brief are not in point. *Miller v. Stepper*, 32 Mich. 194, was the case of a will devising all the testator's land, and making no provision for the widow; *Brown v. Bronson*, 35 Id. 415, was another case of a secret deed executed just before marriage to prevent dower rights attaching; and *Bear v. Stahl*, 61 Id. 203, was a case of deliberate fraud to defeat the widow of her dower, and the scheme was kept secret until the husband's death.

CAMPBELL, J.    Complainant, who is the widow of Noadiah C. Wright, filed her bill, within the time allowed by law to a widow to claim dower in an estate devised by will, for the purpose of getting relief against what she claims to be a fraudulent procurement of her release of dower upon an agreement for a fixed settlement.    The court below gave her dower conditioned on her surrendering up certain property transferred to her.    She appeals because the decree is not sufficiently in her favor; and defendants, who are heirs, and otherwise concerned in the estate, appeal because they dispute her right to any relief at all.

A statement of the main facts will explain the situation. In 1881, complainant became the wife of Noadiah C. Wright, and there is nothing indicating that she was not entitled to all the equities of a wife.    No antenuptial agreement was made, but she was given to understand that her proposed husband was—as he was in fact—owner of a large estate.    Between the engagement and the marriage, he made a will giving all his lands, in specific parts, and all his personalty, after paying debts, to his two sons and his daughter by a former wife.    At the same time, he made and acknowledged deeds of three several portions, which he directed by his will to be delivered to the devisees after his death.    He seems to have imagined that these deeds, which were never delivered during his,

life-time, nor meant to be, would convey his property absolutely.

In August, 1884, occurred the transactions which gave rise to this controversy. He on that occasion conveyed to his wife a lot, known as "Lot 108," in Leonard & Co.'s addition to Grand Rapids; no consideration being expressed in the deed, but the property being worth somewhere between $1,000 and $1,200 at that time. This deed, which was supposed imperfect, was after his death confirmed by conveyances from his heirs. At the same time he induced complainant to release all her rights of dower in his estate. He also made a new set of deeds to his children, to be delivered, as the old ones were to have been, after his death. He also made a codicil to his will, which complainant did not see, whereby the only provision he made for her was a bequest of such household furniture as was procured after his marriage, and $200 a year during the existence of a lease of a part of his land, provided she should not marry again. This lease was to run until 1897. In the subsequent January, he made a bill of sale of some personal property to his wife, and conveyed some land to his daughter. Another piece of land was sold, and notes to the amount of $1,200 therefor came into the hands of his representative. He died in the early summer of 1885.

Complainant claims that her husband induced her to release her dower by representing that the conveyance of the lot 108, and the provision he had made or would make in his will for her, would be better for her than her right of dower; that he represented she would have the mansion-house for her use, as well as the other provisions. He represented she should have $300 a year during her whole life. She claims she was imposed upon by her confidence in him, and prevented from objecting

or inquiring by his feebleness and nervousness; and she seeks relief such as the facts will warrant.

It has been settled in this State that there is no legal objection to an arrangement between husband and wife, for a fair consideration, to extinguish her right of dower. *Randall v. Randall,* 37 Mich. 563; *Rhoades v. Davis,* 51 Id. 306 (16 N. W. Rep. 659). But no court can sustain such an arrangement unless it is a fair and voluntary one. If a wife is defrauded, or improperly persuaded into such an arrangement by any fraud or device of her husband, she is entitled to full and adequate redress; and, if difficulties are raised in securing it, he or his estate—inasmuch as his heirs or devisees cannot be regarded as *bona fide* purchasers—must bear the risks. That the transaction, as it was left that day, was unconscionable, is too plain for doubt. It gave her a lot which, whether to be received then or at his death, was of very small value, compared with her prospective dower, at the lowest price put upon his lands. It left him at liberty to make a will giving her nothing further out of his estate. She received no contract or assurance of anything further. Between that date and his death he made two conveyances which would have been subject to her dower, had she not released it, and made it impossible by mere rescission, to put her back in the same position. As the will of August, 1884, was not agreed on by her, or shown to her, it has no importance in determining her rights.

The defendants object, and have a right to object, to complainant's testimony concerning her understanding with testator, under the statute disqualifying parties as witnesses where matters are within equal knowlege of the deceased. But, as the release of dower recites no reason and no consideration, and no other agreement is in existence, and defendants show no consideration for it, the

rejection of her testimony does not help them any. There is not the slightest reason to believe that the conveyance of lot 108 was the full consideration of the release of dower, and neither deed refers to the other. Without her testimony, it cannot be presumed to perform any such part. The personal property conveyed to her, and not mentioned in the will, was not conveyed to her until January 17, 1885, and purports to be for a money consideration. It was made on the same day with his conveyance of lands to his daughter, but the coincidence is not explained. There is some other testimony, which agrees in all essential points with complainant, which, if followed, shows that this release of dower was a performance on her part of a parol agreement whereby she was to have a conveyance of lot 108, and her husband was to give her by will the property conveyed to her in January, a life annuity of $300 a year, and the use of the mansion-house. All of this combined would be a small equivalent for the value of her life-estate in one-third of the lands.

If this agreement is specifically performed, it would require the mansion-house to be placed at her disposal, and her annuity secured in some way on the lands. If the whole arrangement is set aside as void for fraud, while there are difficulties attending the restoration of lot 108, it is equally impossible to restore dower in the land conveyed during his life-time, and held by purchasers. She has received $400 since her husband's death; but that is considerably less than her dower would be in the land leased to Van Buren, on which her annuity, by the will, was made dependent. The decree below undertook to set aside the release of dower, but on condition that she restore to the estate lot 108, and all personal property she has received, and the moneys she has had, and refers it to a commissioner, to make a general inquest into the

condition and property of the estate, real and personal, the value and rental value of various parts, the debts and liabilities of the estate, and, under various shapes, calls for a complete financial showing of its condition in all respects, as well as to report on the feasibility and manner of partition. Complainant objects to the requirement of undoing of all that has been transferred to her, and also desires a money decree, instead of partition. Defendants object to the whole decree.

We do not think the decree, as it stands, can be sustained. The only logical result of setting aside the release of dower, if lot 108 is required to be released, would be to turn that into the general estate, as land not devised, and make it subject, with the rest, to dower. But no court can set a probated will aside, or change its provisions; and the personalty which Mr. Wright conveyed during his life cannot be taken back. If it could, it is not shown, by any testimony which defendants have left in the record, to have formed any part of the transaction of August, 1884. Neither can the circuit court, in a partition suit, go into any general overhauling of an estate. A partition of dower must be such as to give the widow a clean third for life of all the lands subject to dower, and cannot be mixed up with personal accountings, which, if entered into at all, belonged to the administration, and not to partition, usually, if at all. But in our opinion the widow has not received in the realty conveyed to her any more than would partially compensate her for what she would lose by having the entire estate subjected to dower, without her rights in the mansion-house; and the money and personalty received are not apparently much, if any, more than she would have had under an administration for her allowances and maintenance, if fairly dealt with.

The case, when properly considered, is not especially

complicated; and in our opinion complete justice will substantially be done by treating the bill as what it purports to be,—one filed by a widow to signify her election to take dower in lieu of the provisions of her husband's will, and to ascertain and partition her interest in the land he died seised of. All that is necessary to accomplish this result is merely to set aside the release of dower as to all lands which he held title to at his death. That period fixes the widow's right, which cannot be made subject to any subsequent dealings with the estate. We think the release ought not to be set aside as against the conveyances made operative during his life, between his marriage and his death. We do not think justice requires the conveyances of land or personalty made by deceased to complainant to be disturbed. This will leave the case in the same condition as any other suit brought by a widow to enforce her dower rights in her husband's lands, which he owned when he died. The general rules applicable to partition suits apply here, and no others. The future litigation should not be allowed to depart from the same routine which would apply if this controversy had never arisen, and if no release of dower had ever been set up. Whether the lands can or cannot all be partitioned directly, or whether any need to be sold, must be determined as in other ordinary cases. The same is true as to the allotment of lands to the widow in severalty, but she should have at least her proportion of the productive property. In any disposal of rents and profits, she is entitled to take as of the time of her husband's death. She appears to have received less than her third of the Van Buren rent. What other rents have been had we have no information, and none of these things concern us on this hearing.

The decree below must be reversed. A new decree must be entered, declaring the release of dower void as

to such lands as Noadiah C. Wright died seised of, including all lands mentioned in his will, and not conveyed by deeds delivered before his death, and any other lands, if any are known, which he may have owned, and not disposed of. Complainant is to be decreed entitled to dower in all the lands of which he died seised, and to have the same set off and partitioned in the usual manner; and the cause is to be remanded to the court below with orders to proceed further in the same, in accordance with this determination, and in accordance with the course of equity applicable to such cases. Such conveyances of realty or personalty as the decedent made to complainant or to others during his life are not to be affected by this decree, and as to them the release of dower is to stand,—complainant to recover costs up to this time in both courts against the defendants; future costs in the partition · proceedings to be dealt with by the circuit court according to the equities as they arise.

We are aware that the peculiar disposition of the estate under the will may make it convenient for the parties to come to some method of securing the widow's third by some agreement that will be least troublesome, and it does not seem difficult to do so. But it is beyond our province to assume any such function, and the parties must follow their own methods, or proceed in the usual legal way. The case is exactly as it would have been without any release of dower in the lands of the estate, and should be disposed of on that basis, whether amicably or by legal disposal.

The decree below will be reversed, and a decree entered as before determined.

CHAMPLIN, C. J., MORSE and GRANT, JJ., concurred. LONG, J., did not sit.