LA PLANT *v.* LESTER.

1. HOMESTEADS—RIGHTS—TWO PLACES.
   One cannot have homestead rights in two places.

2. SAME—ABANDONMENT—ACQUISITION OF NEW RIGHT.
   Where a husband left his wife and family temporarily, leaving them residing upon their homestead, and acquired land in another place upon which he resided without them for many years, the fact that he deeded his wife his interest in the original homestead did not operate as an abandonment by her of the original homestead so that she might claim homestead rights in the land upon which he resided.

3. SAME—DOWER—RELEASE.
   Where, after a husband had left his wife and family residing upon a homestead which he had provided, and acquired other land upon which he resided alone, the husband and wife exchanged deeds to the respective lands occupied by them as a part of a separation agreement, his deed to her was a sufficient consideration for her release of her dower and homestead rights in the parcel occupied by him and prevents her claiming that she still has homestead rights in his land.

Appeal from Luce; Steere, J. Submitted October 18, 1907. (Docket No. 90.) Decided December 10, 1907.

Bill by Joseph La Plant and Rosa La Plant against Solon Lester to remove a cloud from the title to certain land. From a decree dismissing the bill, complainants appeal. Affirmed.

*M. B. Peters,* for complainants

*L. H. Fead,* for defendant.

HOOKER, J. The complainants are husband and wife, and their bill is filed to cancel and remove the cloud occasioned by a mortgage upon a 40-acre parcel of land in Luce county, the title to which is in the husband. The

mortgage was given by him, his wife not joining, and the case turns upon the question of homestead rights. The learned circuit judge dismissed the bill, and the complainants have appealed. The testimony shows the following facts, about which there is little dispute:

The complainants married during the late civil war, and at once moved to Detour, Chippewa county, Michigan. They lived in that vicinity thereafter, and about 1893 he entered the northeast quarter of the northeast quarter of section 25, township 42 north, range 3 east, Chippewa county, Michigan, under the homestead laws. He built a house upon the land and lived there for two years or thereabouts with his wife and children. He then moved his family into a house which he built upon rented ground, in the village of Detour. Later the family bought a piece of land and moved the house upon it, and have continued to live therein, or upon the homestead land, ever since. Two or three years after entering the land Joseph La Plant left home and went to Luce county and he has been there since. It does not appear that he has at any time returned to his family, but he testified that his wife had visited him on three occasions, and he stated that they had not separated. Nevertheless we have no difficulty in determining that he left home because of differences that arose between them, in which she took the part of her sons against her husband, and, to use his language, "got ugly." They had " children staying around home," that he "didn't like to support any longer." His wife "upheld the children " and he "left home, the big boys would not help me (him) any." He staid there ever since. He went to Luce county about eleven years ago, and on leaving home, as he says, "got a job that kept him there." In April, 1901, La Plant bargained with Solon Lester for the parcel of land in Luce county, and a year later, April 7, 1902, he received a quitclaim deed of the premises from Lester and on the same day he mortgaged it to Forbes for $50, payable in a year. On June 10, 1903,

this mortgage was assigned to Solon Lester, and on April 13, 1904, the mortgage in controversy, for $356, was given to Lester. The amount of the prior mortgage was a portion of the consideration for this one. Mrs. La-Plant's first visit was eight or nine years before the trial of this cause. She went there to investigate rumors relative to La Plant's conduct, and staid with him a week on Solon Lester's farm which adjoined the land in question. Her next visit was in 1900 or in 1901, when she remained a week, staying with him on land owned by one Leighton. Her errand was to induce her husband to go back with her and "prove up" on their homestead. Apparently she did not succeed. In 1902 she again visited Luce county, her errand being to adjust their property matters. She had made the necessary proof and obtained a patent of the homestead running to her husband, and the parties finally agreed that he should deed the homestead to her, and she should deed the Luce county parcel to him. This was done on May 1, 1902. La Plant afterwards commenced a suit similar to the one now before us, which he afterwards withdrew, his wife not being a party. Subsequently they joined in the present suit. The husband has a house in which he lives upon the land in Luce county. The wife has never lived there but has always maintained a home upon the Chippewa tract or in Detour. Complainants' children are adults. The evidence warrants the conclusion that La Plant furnished his wife and children a homestead at Detour. His wife has not only occupied it since, but has shown an indisposition to leave it, and has at no time been disposed, or willing, to abandon it, and go to Luce county to live with her husband. Up to the time that he deeded the Detour property to her, there was but one place in which she could claim homestead rights as against creditors, and that was in Detour. That was the homestead furnished by the husband and continuously occupied by the family. It is true that he left home and acquired this land in Luce county, but he never sought to move his family from the former

home, and if the complainants had not separated, as he claims they had not, he still had homestead rights therein.

It is settled that one cannot have homestead rights in two places. See *Wheeler* v. *Smith,* 62 Mich. 373; *Mc-Monegal* v. *Wilson,* 103 Mich. 264. Up to the time of the deed to Mrs. La Plant, neither husband nor wife had homestead rights in Luce county, because their homestead was in Detour, and had never been changed. By that deed he conveyed the homestead to her. It was none the less her homestead thereafter, and unless she abandoned it for another homestead it continued to be her homestead. She has acquired no other, unless, by reason of her acquiring the title to the homestead, she acquired a right to claim homestead rights in any other land that he might have and reside upon during his absence from her.

If we are to credit La Plant's testimony, he has not separated from his wife. They have always maintained a home for the family, and if he has lived upon the Luce county land, it was an enforced absence and a necessary occupancy to care for the land. He testified that he left home because he got a job, and he struck that piece of land which kept him there. We feel justified in saying, therefore, that the evidence fails to show an abandonment of the Detour homestead and the establishment of a new one in Luce county by either husband or wife.

If, on the contrary, they have separated, and the deed to her of the Detour property was made in view of that fact to provide for her, it was a sufficient consideration for her release of dower and homestead rights (if she would otherwise have had the latter) in the Luce county land—under the case of *Randall* v. *Randall,* 37 Mich. 573, where Chief Justice COOLEY expressly says that such a release would be "good in equity whether it was at law or not." It may be well contended that there should be no difficulty in treating it as a valid release in law, as she might lawfully convey her interest to one *holding the legal title* without joining with her husband, but we need not pass upon that question. See *Rhoades* v. *Davis,* 51 Mich.

309; *Wright* v. *Wright*, 79 Mich. 531; *Dakin* v. *Dakin*, 97 Mich. 287. Whichever view we may take, the claim of these complainants cannot be sustained.

The decree is affirmed, with costs.

McALVAY, C. J., and OSTRANDER, and MOORE, JJ., concurred. CARPENTER, J., concurred in the result.