ELSON *v.* ELSON.

1. TRUSTS—PAROL EVIDENCE INADMISSIBLE TO ESTABLISH TRUST IN REAL ESTATE.

Under 3 Comp. Laws 1915, § 11975, parol evidence is inadmissible to establish a trust in real estate, in the absence of a showing of fraud, accident, or mistake.

2. SAME.

In wife's suit against devisees and legatees under her husband's will to set aside a deed by her to her husband of her interest in real estate held by them as tenants by the entireties and to establish that they are holding same as trustees for her, parol evidence that the husband agreed to place the title back in them by the entireties when a bond on which he was surety was discharged was inadmissible under 3 Comp. Laws 1915, § 11975; there being no showing of accident, fraud, or mistake.

3. HUSBAND AND WIFE—ESTATES BY ENTIRETIES—WIFE'S DEED TO HUSBAND VALID.

Wife's deed direct to her husband transferring to him her interest in real estate held by them as tenants by the entireties is valid and vests in him the absolute title.

Appeal from Wayne; Jayne (Ira W.), J. Submitted October 23, 1928. (Docket No. 145, Calendar No. 34,040.) Decided December 4, 1928.

Bill by Ida Elson against Charles Elson and another to set aside a deed. From a decree for plaintiff, defendants appeal. Reversed, and bill dismissed.

*Abram Sapiro,* for plaintiff.

*Joseph B. Beckenstein* (*John Sklar,* of counsel), for defendants.

On admissibility of parol evidence to establish trust; see annotation in 17 L. R. A. 270.

FELLOWS, J.  Plaintiff is the widow of Hyman Elson; defendants are the executors named in his will together with his children, who with plaintiff are devisees and legatees under the will.  Plaintiff and her husband held title by entireties to real estate in Detroit.  Morris and Samuel Pelavin were friends of theirs engaged in building operations.  The Pelavin Brothers were sued and their funds in the bank were tied up by writs of garnishment.  One of them applied to Elson to become surety on release bonds.  This he could not do without having title to the real estate put in him alone.  Plaintiff readily consented to this, for she said: "We know him for a long time and we ought to do it for him."  The parol testimony as to the transaction, which was received over objection, tends to establish that Mr. Elson agreed to place the title to the property back as it was after the bond had been released; it also negatives fraud, accident, or mistake.  Before the Pelavin lawsuit ended Mr. Elson died with the title standing in his name.  By this bill plaintiff seeks to have the deed set aside and defendants held to be holding as trustees for her.

There is no fraud, accident, or mistake in the case, none is claimed, and no proof tending to establish any or either of them.  Under such circumstances parol testimony is inadmissible to establish a trust in real estate.  3 Comp. Laws 1915, § 11975; *Longe* v. *Kinney,* 171 Mich. 312; *Funk* v. *Engel,* 235 Mich. 195.

In the main, plaintiff's brief deals with the question of the validity of the deed of plaintiff to her husband.  The cases cited are those familiar to the profession in which this court has uniformly held that neither the husband nor wife alone may sell, incumber, or in any way defeat an estate by the entireties.

All of the cases cited by plaintiff's counsel deal with attempted conveyances to strangers, none of them deal with deeds *inter se,* and the language used in them, of course, has reference to case then before the court. These cases proceed on the theory that one of the parties may not defeat the estate by his or her single act, that the concurrence of both is required. Where one spouse deeds directly to the other, both do act, one by giving and the other by accepting the deed. The diligence of defendants' counsel has produced but one case from this court, although numerous cases from other jurisdictions are cited, where the question was squarely decided, and we have not been able to find any other. In *Wilkinson* v. *Kneeland,* 125 Mich. 261, it was held (quoting from the syllabus):

"Defendant deeded land to complainant and wife, in which he owned only a half interest, and complainant alleged that he accepted the deed without knowledge of the fraud, and that his wife had deeded her interest to him. *Held,* that the contention that complainant was not entitled to maintain a bill for specific performance, because he and his wife were tenants by the entirety, was without merit, since that fact would not prevent her from releasing her interest to the husband."

Plaintiff's counsel insists that this holding was *dictum.* Not so. We have examined the record and briefs, and the question of the validity of a deed from a wife to a husband of lands held by the entireties was necessarily involved, and in fact was the only question briefed at length.

While this seems to be the only case in this court where the question was squarely presented, we have on numerous occasions had the analogous question presented as to whether a wife may release her inchoate right of dower by deed directly to the hus-

band, and have uniformly held that such deed was valid. *Randall* v. *Randall*, 37 Mich. 563; *Rhoades* v. *Davis*, 51 Mich. 306; *Wright* v. *Wright*, 79 Mich. 527; *Dakin* v. *Dakin*, 97 Mich. 284; *Chittock* v. *Chittock*, 101 Mich. 367; *Bechtel* v. *Barton*, 147 Mich. 318; *LaPlant* v. *Lester*, 150 Mich. 336. We shall not consider the cases from other jurisdictions, as the *Wilkinson Case* is controlling, and we have no disposition to overrule it at this time.

The decree will be reversed and plaintiff's bill dismissed, with costs.

FEAD, C. J., and NORTH, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred. POTTER, J., did not sit.